ESTATE OF EBELING: STATE and another, Appellants, vs. EBELING, Executor, and others, Respondents.

*May 5—May 27, 1919.*

*Taxation: Tax on transfer of property: Gifts: Power of legislature: Inheritance taxes: Gifts in contemplation of death: Material part of estate.*

1. Sec. 1087—1, Stats., as amended by ch. 643, Laws 1913, which provides that gifts of a material part of a donor's estate, made within six years prior to his death, shall be construed to have been made in contemplation of death so far as transfer taxes are concerned, constitutes a legislative definition of what is a transfer in contemplation of death, and not a mere rule of law making the fact of such gifts *prima facie* evidence that they were made in contemplation of death.

2. Whether gifts so made are held to be gifts in contemplation of death or gifts *inter vivos,* they are within the taxing power of the legislature.

3. The determination as to whether a gift constitutes a material part of the donor's estate is a judicial question, to be decided in each case as it arises.

4. Occasional gifts of $500 or $1,000 made by a donor possessing an estate of more than $332,000 do not constitute a material part of his estate and are not taxable; but gifts of $10,000 to each of his three children in June, $5,000 to each in August, and $10,000 to each in October, amounting to more than $75,000, constitute a material part of his estate and are taxable.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Reversed.*

The county court of *Brown County,* in determining the amount upon which inheritance taxes imposed upon the es-

tate of John H. Ebeling, deceased, should be computed, deducted the amount of the federal estate tax imposed upon the estate, and determined that certain gifts made by decedent within six years prior to his death were not subject to an inheritance tax. The state and county appealed from the judgment to the circuit court for *Brown County,* where the judgment of the county court was affirmed. From such judgment the state and county appealed.

The estate was valued at $332,819.33; $12,779.37, the amount of the federal estate tax, was deducted from this amount in determining the amount upon which the inheritance tax should be computed. The deceased died January 15, 1918. He had three children. Within six years prior to his death he made gifts to them as follows: December 22, 1912, $1,000 to each; November 22, 1912, $1,000 to each; October 31, 1913, $500 to each; December, 1913, $200 to each; May, 1916, $500 to each; June 30, 1917, $10,000 to each; August 18, 1917, $5,318.33 to each; and October 1, 1917, $10,000 to each.

The court found that neither of said gifts nor all of them combined constitute a material part of the estate of said testator; that neither of said gifts nor all of them together was or were made in the nature of a final disposition or distribution of said testator's estate; that no one of said gifts was made by said testator in contemplation of death; and further, that if the law raised any presumption as to any of such gifts that they were made in contemplation of death, said presumption is fully overcome by the evidence in the case.

For the appellants there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, and *William Cook,* district attorney, and oral argument by *Mr. Brossard.*

*Samuel D. Hastings* of Green Bay, for the respondents.

OWEN, J. It has been held in *Estate of Week, ante,* p. 316, 172 N. W. 732, that the federal estate tax is not a proper deduction in determining the amount upon which the

state inheritance tax should be computed.    The county court erroneously allowed this deduction.

Prior to the enactment of ch. 643, Laws 1913, sec. 1087—1, Stats., imposed a tax upon three classes of transfers of property: (1) by will; (2) by intestate laws; and (3) by gifts made in contemplation of death of the donor or intended to take effect in possession or enjoyment at or after such death.    Ch. 643, Laws 1913, amended this section by adding at the end of sub. (3) the following:

"Every transfer by deed, grant, bargain, sale or gift, made within six years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall be construed to have been made in contemplation of death within the meaning of this section."

The state contends that the amendment makes every gift of a material part of the estate of a deceased person, when made within six years prior to death, subject to an inheritance tax.    It is the contention of the respondents that the amendment does not have such conclusive effect, and that it accomplishes no more than to make the gift, when made within six years prior to death, *prima facie* evidence of the fact that it was made in contemplation of death, thereby shifting the burden of proof upon that question.

In the case of *State v. Thompson,* 154 Wis. 320, 142 N. W. 647, this court had under consideration the question of inheritance taxes due from the estate of one Joseph Dessert, who died at the age of ninety-two.    Practically his entire estate was devised to his only daughter and sole heir, Stella D. Thompson.    She took by the will about $200,000.    During the last six years of his life he gave her approximately a half million dollars, mainly in two gifts, one made three years and the other four and one-half years prior to his death.    This court held that the gifts were not subject to inheritance taxes.    The circumstances of that case forcibly

brought to the attention of the legislature the fact that after a person had attained the age of eighty-nine years, an age when he could not expect to live many more years, when his thoughts, naturally, were consumed rather with the disposition of property already accumulated than with the accumulation of more, he could bestow his property upon the objects of his bounty and thus evade the inheritance tax. This decision was rendered May 31, 1913. The legislature was then in session. Ten days thereafter Senate bill No. 575 was introduced by the Joint Committee on Finance. This bill, without amendment, was approved July 21st and became ch. 643, Laws 1913.

Now the question is this: Did the legislature intend to make gifts and transfers of property, made within six years prior to death, absolutely taxable, or was it simply providing a rule of evidence? There can be little doubt that the legislation was prompted by the decision in the *Thompson Case*. That was a case in which the state was a party. It was regarded as an important case, not only because of the amount involved but as a precedent. The contention of the state was rejected by the court. It seems quite reasonable to suppose that the legislature in enacting the amendment intended to do what it could in the way of moulding into law the doctrine contended for by the state in that case. If it intended to make the gift or transfer occurring within six years prior to death only *prima facie* evidence of the fact that it was made in contemplation of death, the legislative response was certainly weak and puerile. In cases where the facts are easily ascertainable the burden of proof is of the merest advantage. It is only in cases where the proof is difficult to obtain, such as violations of the excise laws, where a rule of law constituting certain evidence a *prima facie* case is of real advantage. With such a construction the amendment would not have changed the result of the *Thompson Case,* and we may well believe that the purpose of the legislature was to prevent such a recurrence.

It is clear to our minds that the legislature intended to define what should constitute a transfer in contemplation of death. It was the legislative purpose to make the statute effective. It realized that if a person after reaching the age of eighty or ninety years could dispose of his property free from the tax, it could be easily evaded by those possessing the larger fortunes. So it was enacted not only that the tax should apply to gifts made in contemplation of death but to gifts made within six years prior to death.

It is said that the legislature cannot declare a gift to be in contemplation of death when it in fact is not so. It is admitted, however, that the legislature may tax gifts *inter vivos*. Whether these gifts, therefore, be held to be gifts in contemplation of death or gifts *inter vivos,* they are not beyond the power of the legislature to tax. If they be considered gifts *inter vivos* there is abundant justification for the classification here made in segregating them from other gifts *inter vivos* as objects of taxation, the basis for such classification being the purpose to make the law taxing gifts made in contemplation of death effective. It is recognized that in enacting a police regulation it may be found necessary to include within the purview of the statute certain acts innocent and not in themselves a subject of police regulation where the inclusion of such acts is necessary, in the opinion of the legislature, to make the police regulation effective. *Pennell v. State,* 141 Wis. 35, 123 N. W. 115. While a principle relating to police regulation does not necessarily apply to the power of taxation, no reason is perceived why the legislature may not, as here, make a classification of gifts *inter vivos* and subject them to taxation for the purpose of making effective taxation of gifts *causa mortis.* That it will occasionally result in the taxation of gifts not in fact made in contemplation of death, which may be conceded, should not condemn the classification if the classification be reasonably necessary to carry out the legislative scheme for the taxation of gifts *causa mortis.* Nor should it be condemned

because there is no material distinction between those who fall immediately upon one side of the line and those who fall immediately upon the other, as illustrated by the fact that a gift one day less than six years prior to death is taxable, while a gift made one day more than six years prior to death is not taxable. That is always the case where the classification is of necessity fixed by an arbitrary line of demarcation. As said in *State v. Evans,* 130 Wis. 381, 110 N. W. 241:

"Neither need we be disturbed by the fact that the line of demarcation between the classes is arbitrary. Wherever there is a sliding scale of age, population, dimension, distance, or other characteristic which is believed to justify classification, necessarily the division between classes must be arbitrary, and legislation is not to be declared void which adopts the age of twenty-one as marking the right to vote or manage property because the individual at twenty years and eleven months may be as competent as at twenty-one, nor, in a law distinguishing by population, because no appreciable difference can be conceived between the town of 999 and the town of 1,000, provided, generally, the class of those under twenty-one years of age are less competent to vote or manage property than the class of mankind above that age, or the class of towns which do not include villages of 1,000 population are generally less in need of the governmental powers conferred upon villages than the class of towns which do contain villages of 1,000 and upward."

The next question is whether these gifts, or any of them, constitute a material part of the donor's estate. Obviously the law would be easier of administration if it were more definite in fixing the character or size of gifts to be deemed to have been made in contemplation of death. Whether that is practicable or possible we do not suggest. The use of the word "material" does not make the law impossible of administration. Whether a gift constitutes a material part of a donor's estate is left a judicial question. As the legislature has not attempted to define with exactness what shall be considered a material part of an estate, neither shall we. That

question must be left to be determined in each case as it arises.    In this case the estate was valued at about $330,000. We think that occasional gifts of $500 or $1,000 made by a donor possessing such an estate should not be deemed a material part thereof.    None of the gifts made prior to the year 1917 exceeded $1,000.    We hold that such gifts are not taxable.    We hold that the gifts made in 1917, of $10,000 to each of the children on June 30th, $5,318.33 to each on August 18th, and $10,000 to each on October 1st, amounting to more than $75,000, do constitute a material part of the estate and that they are taxable.

*By the Court.*—Judgment reversed, and cause remanded with directions to reverse the judgment of the county court, with directions to disallow the deduction made for the amount of the federal estate tax and to include the amount of the gifts indicated in the opinion as a part of the taxable estate.