WILL OF STEVENS: THE STATE, Appellant, vs. STEVENS, Executor, Respondent.

*May 11—June 6, 1922.*

*Inheritance taxes: Whether gift is a material part of estate: Gifts in nature of final distribution: Tax on aggregate: Time as of when value is determined.*

1. Under sub. (3), sec. 72.01, Stats. 1921, making every transfer within six years prior to the death of the grantor, vendor, or donor of a material part of an estate, or in the nature of a final disposition thereof, and without an adequate valuable consideration, a transfer made in contemplation of death subject to the transfer tax, no definite rule can be laid down as to what is a material part of the estate. This is a judicial question to be determined in each case under the circumstances, the amount of the gift in each instance being to a large extent controlling.

2. While the intent of the legislature appears that each gift made during the six-year period be considered separately in determining whether it constitutes a material part of the estate, it is taxable if it was in the nature of a final disposition, and the tax is computed on the aggregate of the gifts.

3. All gifts to a particular beneficiary and to the beneficiaries as a whole may be considered in determining whether the donor has proceeded under a general scheme or design pursuant to which he has contemplated a final distribution of all or a considerable portion of his estate.

4. Where decedent had for six years prior to his death, annually or oftener, made gifts of equal size to each of his five children, the total of which equaled nearly òne half of his estate, a finding that all of the gifts were taxable would be sustained; but where the court found that only certain of the gifts of the largest amount were taxable, judgment will be affirmed as to three gifts in which the sums of $500 or $1,000 were given to each of the children, and held non-taxable by the court, and the other gifts, in which the amounts ranged from $2,000 to $5,000 to each child, will be held taxable.

5. The amount of the tax is to be determined by the value of the gifts at the death of decedent, though it was then less than the value at the date of the gift.

APPEAL from an order of the county court of Winnebago county: FRED BEGLINGER, Judge. *Affirmed in part; reversed in part.*

The appeal is from the order determining the inheritance tax due on the transfer of the estate of John Stevens, deceased.

During a period of six years prior to his death the deceased, who was survived by five adult children, made the following gifts to them, to wit:

|  |  | To each. | Total. |
|---|---|---|---|
| 1. Dec. 25, 1914, Cash | | $500 | $2,500 |
| 2. Dec. 25, 1915, Railroad bonds | | 12,000 | 60,000 |
| 3. Dec. 25, 1916, Cash | | 500 | 2,500 |
| 4. Dec. 25, 1917, U. S. bonds | | 1,000 | 5,000 |
| 5. Feb. 18, 1918, U. S. and other bonds | | 5,000 | 25,000 |
| 6. Sept. 25, 1918, Bonds and mortgages | | 50,000 | 250,000 |
| 7. Dec. 25, 1918, U. S. bonds and cash | | 5,000 | 25,000 |
| 8. Dec. 25, 1919, Bonds | | 2,000 | 10,000 |
| | | $76,000 | $380,000 |

Gifts numbered 5 and 6, aggregating respectively the face value of $25,000 and $250,000 and of the value at testator's death of respectively $22,802 and $247,443, were held by the county court as taxable, while the balance of the gifts were held not taxable. From such latter determination the State of Wisconsin appeals.

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, attorneys, and *D. K. Allen,* district attorney of Winnebago county, of counsel, and oral argument by *Mr. Brossard.*

For the respondent there was a brief by *Ryan & Cary* of Appleton, and oral argument by *Paul V. Cary.*

DOERFLER, J. Counsel for the State contends that all of the gifts referred to in the above statement of facts are taxable. The portions of the statute involved read as follows:

72.01 *"Subjects liable.* A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, . . . to any person, association or corporation, except county, town or municipal corporations within the state, . . . and corporations of this state organized under its laws or voluntary associations organized solely for religious, charitable or educational purposes, . . . in the following cases, except as hereinafter provided: . . .

"(3) *Transfers in contemplation of death.* When the transfer is of property made by a resident or by a nonresident when such nonresident's property is within this state, or within its jurisdiction, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death. *Every transfer by deed, grant, bargain, sale or gift, made within six years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall be construed to have been made in contemplation of death within the meaning of this section."*

The italicised part was added by ch. 643, Laws 1913.

Immediately prior to the enactment of the amendment to the statute above set forth, which amendment is included in that portion italicised, this court approved the doctrine laid down in *Matter of Baker,* 83 App. Div. 530, 82 N. Y. Supp. 390, and affirmed in 178 N. Y. 575, 70 N. E. 1094, where it is said:

"This court has held that the words 'in contemplation of death' do not refer to that general expectation which every mortal entertains, but rather the apprehension which arises from some existing condition of body or some impending peril."

In *State v. Thompson,* 154 Wis. 320, 142 N. W. 647, where the deceased at the time of his death was upwards of ninety years of age, under the peculiar facts and circumstances in that case this court affirmed the judgment of the circuit court, under which it had been determined that gifts made during a period of eight years prior to the death of the deceased, aggregating nearly $500,000, were not made in contemplation of death and therefore were not taxable under the statute.

Unquestionably, in view of the holding of this court in the *Thompson Case,* and for the purpose of obviating the possibility of so large a distribution of an estate during a comparatively short period before death, the legislature, in order to make effective the inheritance tax law and in order to prevent evasions thereof, enacted the amendment of 1913. An analysis of the statute as so amended discloses three apparently different situations under which transfers by gift may become taxable:

*First.* Transfers made during a period more than six years prior to the death of the donor may be taxable if made in contemplation of death. In each of such gifts coming under this portion of the statute, it is for the court to determine as a matter of fact, as was done in the *Thompson*

*Case,* whether the transfer was made in contemplation of death.    If so, it was taxable; if not, it was free from taxation.

*Second.* At that point, by the amendment, the legislature drew what may be called a dead-line, and established as a matter of law the doctrine that all gifts, etc., of a donor of a material part of his estate, made within six years prior to his death, shall be deemed to have been made in contemplation of death, and therefore taxable.

*Third.* Also, all gifts, etc., made within the six-year period which are in the nature of a final disposition or distribution of his estate shall be construed to have been made in contemplation of death within the meaning of the statute.

In *Estate of Ebeling,* 169 Wis. 432, 172 N. W. 734, it was held:

"Whether a gift constitutes a material part of a donor's estate is left a judicial question.    As the legislature has not attempted to define with exactness what shall be considered a material part of an estate, neither shall we.    That question must be left to be determined in each case as it arises."

In the *Ebeling Case* it was held that an occasional gift of $500 or $1,000 by a donor possessing an estate of $330,000 was deemed not a material part of his estate.    In the instant case the estate was appraised at about $700,000.

In *Estate of Stephenson,* 171 Wis. 452, 460, 177 N. W. 579, it is held:

"The size of the gift itself, irrespective of the size of the estate, has a direct bearing upon the answer.    It was the legislative intent that a gift of a material part of an estate made within six years of the donor's death should not escape taxation.    Now a large sum of money is a material part of any estate no matter how large, because it is a matter of substance—a matter that is not immaterial."

It was held in *Estate of Stephenson* that a gift of $23,000, unexplained, was a material part of testator's estate and therefore taxable.

In view of the language used in the decision in *Estate of Ebeling* and in *Estate of Stephenson,* the learned attorney general urges the necessity of some more definite rule, pursuant to which it may be determined what constitutes a material part of an estate.   The desirability of such a rule is evident, and we can readily see that if such a rule could be established it would greatly facilitate the inheritance-tax problem with reference to the question involved.   No rule, however, that could operate with mathematical certainty was contemplated by the legislature, and the courts cannot therefore he charged with laying down such a rule, and in fact such rule would be contrary to the true legislative intent.   Therefore the matter must be left not only as the legislature has intended it, but as has been indicated in the opinion in *Estate of Ebeling.*   While under the cases cited the size of the estate becomes a material factor in determining the question involved, the amount of the gift in each instance, to a large extent, becomes controlling.

While it appears to be the intent of the legislature that each gift made within six years prior to the death of the deceased shall be considered separately in determining whether or not the same constitutes a material part of the estate of the deceased for taxation purposes, nevertheless it is also provided by the statute that if the gift be in the nature of a final disposition or distribution of the estate, then such gift shall become taxable.   The tax is computed upon all taxable gifts in connection with portions of the estate received by the beneficiary, so that the tax is computed upon the aggregate amount.   In order, therefore, to give due effect to the wording of that portion of the statute which subjects gifts which are in the nature of a final disposition or distribution of the estate to the inheritance tax, all gifts to a particular beneficiary and to the beneficiaries as a whole may be taken into consideration for the purpose of ascertaining and determining whether or not the donor has proceeded under a general scheme or design, pursuant

to which, within the given period, he has contemplated a final disposition or distribution of all or a considerable portion of his estate.

In view of what appears from the record, that these gifts in large amount were initiated substantially within the six-year statutory period, and from a general survey of the sum total of the gifts during this period, in view of the total amount of testator's estate, we would have found no difficulty whatever in affirming the decision of the lower court had it held all of these gifts as taxable. For it becomes mathematically manifest that during this given period of six years the testator had given away what amounts to about one half of his total estate. Such munificence on the part of a donor is not criticised by the court, but, on the contrary, is subject to commendation. However, the general scheme and purpose of the statute cannot be evaded, and therefore for taxation purposes these gifts rightly should be held subject to the inheritance tax. In deference, therefore, to the judicial determinations of the court below, and in view of what has been said in *Estate of Ebeling,* 169 Wis. 432, 172 N. W. 734, we do not feel disposed to disturb the lower court's conclusions as to gifts numbered 1, 3, and 4, but as to all other gifts we hold that they do not only constitute a material part of the estate but that they are in the nature of a final disposition and distribution of the testator's estate and are therefore taxable.

The record discloses that at the time the gifts in bonds were made the same were of greater value than they were at the time of the death of the deceased, and the question therefore arises as to whether these gifts should be taxed in accordance with the value at the time of the gift or at the time of the death of the deceased.

In *State v. Pabst,* 139 Wis. 561, 585, 121 N. W. 351, it is said:

"The context of the law expresses as its purpose and

object that the tax shall be imposed on the transfer at the time of the death of the decedent and rest as a lien on the property so transferred until paid."

And on pages 585 and 586 of the opinion in that case it is said:

"This portion of the law does not operate to postpone the imposition of the tax on the transfer beyond the time of the death of the transferor, for, as we have seen, the tax comes into existence at the time of the death of the decedent. . . . The tax is imposed at the time of the devolution of the property, which is at the time of the transferor's death."

Therefore the tax should be imposed upon the value of the property as it existed at the time of the death of the deceased.

The order of the lower court, therefore, as to items numbered 1, 3, 4, 5, and 6 of the schedule above referred to is affirmed, and as to the remaining items such order is reversed.

*By the Court.*—It is so ordered.