# CASES DETERMINED

# January Term, 1924.

### ESTATE OF SCHLESINGER.

*March 14—May 6, 1924.*

*Taxation: Inheritance taxes: Gifts made in contemplation of death: Within six years of death: Validity of tax: Classification: Certainty as to levy or rate: Public policy.*

1. A tax on gifts of material parts of a donor's estate, made within six years prior to his death, which by sub. (3), sec. 72.01, Stats., are construed as made in contemplation thereof, is not a property tax, but a tax on the right to receive property from a decedent. In the imposition of excise taxes greater latitude is permitted both in classification and in enforcement because of the difficulty of classifying and enforcing as compared with a direct tax. p. 5.

2. The tax is not invalid because at the time of the gift there is uncertainty (a) that it will ever be levied or (b) as to the rate applicable, because uncertainty as to levy and rate is reduced to certainty when the donor's estate is settled, and contingencies are constantly dealt with in the law. p. 6.

3. The only class created is gifts made in contemplation of death, and this is a valid one, for such gifts stand upon a different basis than gifts *inter vivos.* The legislature has only brought gifts made within six years within the single class created. p. 6.

4. The legislature cannot change the essential nature of an existing fact, but can, on grounds of public policy, give a certain legal import to a fact, and for purposes of classification and practical administration of the law include in one class cases falling without it considered individually, but usually falling within it considered collectively; and while as to a particular gift not made in contemplation of death the legislature could

not declare it made in contemplation of death for inheritance-tax purposes, it could draw into that class gifts made within six years prior to death, as is done by sub. (3), sec. 72.01, Stats., since they are usually and ordinarily so made, and practical and efficient administration of the law demands the classification.  p. 7.

5. Where the legislature acts in its own field in making classifications or in construing the legal import of what constitutes a class, courts will not interfere unless it clearly appears that there is no just basis for the classification or for the legal import.  p. 8.

6. Where there is classification by division of time, by number, or by weight, there must be an arbitrary line drawn somewhere, and if the line drawn by the legislature is not clearly wrong it must stand.  p. 9.

7. Sub. (3), sec. 72.01, Stats., could not be sustained as a tax on gifts *inter vivos* only, since such classification would be wholly arbitrary and void; but since the class of gifts affected is closely connected with and a part of the inheritance tax law, the statute is valid.  p. 10.

APPEALS from orders of the county court of Milwaukee county: JOHN C. KAREL, Judge.  *Affirmed.*

On the 3d day of January, 1921, Ferdinand Schlesinger died testate, leaving a large estate.  He also left surviving him a widow, two sons, and a daughter, who, among others, were legatees under the will of the deceased.  It appears from the testimony that within six years of the date of his death the testator made gifts, set out in the third finding of fact, to his wife, two sons, and daughter, as follows:

Gifts to *Mrs. Schlesinger* .......$1,115,772.10
  "      *Henry J. Schlesinger*.... 1,757,923.13
  "      *Armin A. Schlesinger*.... 1,716,258.04
  "      *Gertrude MacLaren* .... 1,791,657.15

As to these gifts the county court made the following finding of fact:

"That none of the gifts made by the decedent within the six years next prior to his death were in fact made in view, or in anticipation, expectation, or apprehension of death, or in the actual contemplation of death as said term 'contemplation of death' was used in the statute and had been

defined and interpreted by the supreme court of Wisconsin prior to the enactment of chapter 643 of the Laws of 1913; or intended to take effect in possession or enjoyment at or after the death of the decedent; but notwithstanding such facts all of the gifts made by the decedent within the six years next prior to his death must be construed to have been made in contemplation of death within the terms and provisions of sec. 72.01 of the Wisconsin Statutes."

His conclusion of law was as follows:

"That the gifts referred to in the third of the foregoing findings of fact, made by the decedent to his wife and children within the six years next prior to his death, are by the express terms of sec. 72.01, clause (3), of the Statutes sub-ject to inheritance taxes, although not in fact made in contemplation of death, which section of the statutes I hold, in accordance with the decisions of the supreme court of Wisconsin, to be constitutional and valid."

From an order holding the gifts taxable under the provisions of sub. (3), sec. 72.01, Stats., the executors and heirs appealed.

For the appellants there was a brief by *Fawsett, Smart & Shea* of Milwaukee, and oral argument by *Charles F. Fawsett*.

For the respondents there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump*.

VINJE, C. J.　The appellants in their brief say:

"The only provision of the inheritance tax law to which exception is taken is that part of sec. 72.01, clause (3), of the Wisconsin Statutes, which was added by ch. 643 of the Laws of 1913, reading as follows: 'Every transfer by deed, grant, bargain, sale or gift, made within six years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall be construed to have been made in contemplation of death within the meaning of this section.' "

The validity of this law is sustained in the case of *Estate of Ebeling,* 169 Wis. 432, 172 N. W. 734, which decision we are asked to overrule because it is a recent one and not firmly grounded in the rule of *stare decisis,* and because objections to its constitutionality are now presented that were not before the court in the *Ebeling Case.* It is true that a number of claims of unconstitutionality in the law are now made that were not urged in the *Ebeling Case,* or, if urged, took a different form and were not perhaps dealt with in detail in that opinion. The brief and argument in the present case cogently and clearly set forth the view of counsel and express as forcibly as can be the grounds urged. We take it, both from the contents of the briefs and from statements made upon the oral argument, that a tax upon gifts actually made in contemplation of death is conceded to be valid, and that objection is made only to that part of the law above set out that taxes all gifts within six years of the donor's death whether made in contemplation of death or not.

The chief objections made to the validity of the law and the only ones we shall specifically deal with in this opinion may be summarized as follows:

1. The statute taxing gifts made within six years of donor's death is void because it lacks certainty. There is no certainty (a) that the tax will ever be levied, or (b) if levied, what the amount of the tax will be, or what the rate will be. It is claimed there must be certainty in tax levies.

2. The basis of classification is wrong. One class consists of gifts actually made in contemplation of death; another of gifts made within six years of death but not necessarily in contemplation thereof, so that the class consists of two different kinds of gifts—one made in contemplation of death and one within six years of the death of the donor. Members of the same class, it is claimed, must be substantially similar in kind.

3. If a gift made within six years of the donor's death is not made in contemplation of death, the legislature cannot make it so. An existing fact cannot be substantially changed by a legislative fiat.

4. The tax cannot be justified as a tax upon gifts *inter vivos* alone. The classification is wrong.

In considering the various objections made to the law it should be borne in mind that the tax in question is not a property tax but a tax upon the right to receive property from a decedent. It is an excise tax. *Knowlton v. Moore,* 178 U. S. 41, 20 Sup. Ct. 747. In the imposition of excise taxes greater latitude is permitted both in classification and in enforcement because of the difficulty of classifying and enforcing as compared with a property or a direct tax.

It is said that when the gift is made there is no certainty that a tax will ever be levied, for if the donor survives for six years or more and the gift was not made in contemplation of death it is not taxable. That is true; but the same uncertainty may attach to a gift made ten years before death. It may be a matter for judicial determination whether the gift was made in contemplation of death. If if was, it is taxable; if not, it is not taxable. The donee of such a gift may have no reason to believe at the time it is received or at any time thereafter that it was made in contemplation of death, and yet such may have been the fact. As to gifts made within six years, their status at the time the tax is claimed is certain and fixed. That of gifts made previously is a subject of proof and perhaps of uncertainty till the court of last resort has passed upon whether or not they were made in contemplation of death. Personal property may be located in a certain taxing district of the state. It is not certain that a tax will have to be paid upon it the following year. It may be destroyed by fire or otherwise, or it may be moved out of the state before the tax is assessed. Life and law are full of uncertainties. There is no constitutional provision that at any given time all things

Estate of Schlesinger, 184 Wis. 1.

must be certain.   Contingencies are constantly dealt with in law.   When the donor's estate is settled, uncertainties as to the levy of the tax, the amount thereof, and the rate are reduced to certainties, and that is all the law requires.

The second objection, that the basis of classification is wrong because there are two classes, one of gifts made in contemplation of death and another of gifts made within six years though not in contemplation of death, misinterprets the legislative intent.   Such intent was to tax only gifts made in contemplation of death.   That is the only class created.   The legislature says that all gifts made within six years of the donor's death shall be construed to be made in contemplation of death, bringing such gifts within the only class created, namely, gifts made in contemplation of death.   Waiving the question of whether the legislature could bring gifts made within six years within the class, it is quite obvious that only one class is created and that a valid one, for gifts made in contemplation of death stand upon a different basis than ordinary gifts made *inter vivos*. It was the former the legislature sought to reach in order to insure a reasonably effective enforcement of the inheritance tax.

We come now to what we consider the most weighty objection to the law, and that is the legislative declaration that all gifts made within six years of death shall be construed to be made in contemplation of death, and as interpreted by this court in the *Ebeling Case* meaning that they shall conclusively be held to be gifts made in contemplation of death and shall fall within the one taxable class of gifts created by the legislature.   In the *Ebeling Case* it was clearly pointed out that such was the legislative intent, and we shall not extend this phase of the discussion.   It is said by appellants, and there is legal authority for the statement, that no legislative fiat can substantially alter an existing fact.   Hence, if a gift is not made in contemplation of death the legislature cannot make it one.   As was said by

the appellate court of New York in *Barbour's Estate,* 185 App. Div. 445, 173 N. Y. Supp. 276, and affirmed by the court of appeals in 226 N. Y. 639, 123 N. E. 854, "the legislature cannot make that so which is not so." This is of course true in a literal sense. The legislature cannot change the essential nature of an existing fact, but it can, on grounds of public policy, give a certain legal import to a fact, and for purposes of classification and for a practical administration of laws it may include in one class cases that fall without it considered individually, but usually falling within it collectively considered. Our Reports show that after the enactment of the inheritance tax law many cases appeared in which elderly men of wealth, for the purpose of evading the law, made a more or less complete distribution of their property by way of gifts. The difficulty of proving that such gifts were made in contemplation of death, coupled with the public necessity of not allowing large estates to escape the provisions of the law, induced the legislature to make the classification it did. While it may be granted that as to a particular gift not made in contemplation of death the legislature could not declare it to be one made in contemplation of death, it does not by any means follow that in establishing a general class it cannot draw into that class gifts strictly not falling within it, provided that gifts of that class are usually and ordinarily of the kind which the class calls for, and especially where a practical and efficient administration of the law demands the classification.

It is quite true, we think, to say that of the gifts coming under the statute made by residents of Wisconsin within six years of their death, by far the larger proportion thereof have actually been made in contemplation of death. At any rate there is sufficient basis in fact for the truth of such statement to permit the legislature to act upon it and make a classification accordingly. The legislature does not say that a gift not made in contemplation of death is actually made in contemplation of death. What it says is that if the

gift is made within six years of the donor's death it shall
for taxation purposes be construed to fall within the class
of gifts made in contemplation of death.   The law is quite
full of instances where, on grounds of public policy so as
to effectively administer a law, a certain definite and fixed
legal import is given to facts, though the actual facts may
be different.   Thus, dividends declared by a going corpora-
tion are conclusively declared to be made out of profits for
income-tax purposes though the actual facts may be quite
the contrary.   *Van Dyke v. Milwaukee,* 159 Wis. 460, 150
N. W. 509; *State ex rel. Pfister v. Widule,* 166 Wis. 48,
163 N. W. 641; *Pfister L. Co. v. Milwaukee,* 166 Wis.
223, 165 N. W. 23; *State ex rel. Sallie F. Moon Co. v. Wis.
Tax Comm.* 166 Wis. 287, 163 N. W. 639, 165 N. W. 470.
So insurance payable upon the death of a person shall be
deemed a part of his estate for the purpose of the tax,
though the deceased may not have paid a single premium
upon the insurance.   Upon the death of a joint tenant of
property, one half shall be deemed taxable to the estate
though the interests may be different.   Such provisions are
made in order that the administration of tax laws may not
be made too cumbersome, expensive, and uncertain, and to
avoid escape from taxation.   If A. conveys his property to
B. to avoid his creditors, though upon the express promise
that he will upon demand reconvey, the statute steps in and
says on grounds of public policy that the promise cannot be
enforced.   The chapter on real property is full of instances
where the legislature gives a conclusive construction to the
title grant or relation of the parties when certain facts ap-
pear or certain language is used irrespective of what the
particular parties meant.

Where the legislature acts in its own field in making
classifications or in construing the legal import of what
constitutes a class, courts will not interfere unless it quite
clearly appears that there is no just basis for the classifica-
tion or for the legal import.   In this case, for reasons al-

ready stated, we think the class created by the legislature for taxation was a valid one, and that on grounds of public policy and in order to permit a practical and efficient administration of the inheritance tax laws it could import into the created class all gifts made within six years of the donor's death.

The case of *Barbour's Estate,* 185 App. Div. 445, 173 N. Y. Supp. 276, among others, is relied upon by appellants in support of the claim that the legislature did not intend and could not conclusively declare gifts made within six years to be made in contemplation of death. In the *Barbour Case* the legislature declared that "every person shall be deemed to have died a resident and not a nonresident of the state of New York if and when such person shall have dwelt or shall have lodged in this state during and for the greater part of any period of twelve consecutive months in the twenty-four months next preceding his or her death," and the court held that such declaration created only a rebuttable presumption, because the bill as first introduced read shall be deemed *conclusively* to have died a resident, and because to hold otherwise would result in double taxation, for decedent was confessedly a resident of New Jersey, and double taxation must rest upon clear intent. In our case the legislative intent, we think, is clear that the specified gifts were to be conclusively construed to be gifts in contemplation of death, and no question of double taxation inheres. On the contrary it is a case of lawful taxation or of no taxation.

It is also urged quite strongly that there is no good reason why a gift made six years and one day before death should escape taxation and one made one day short of six years should be taxed. That is true. Neither is there a good reason why a person twenty-one years of age should be allowed to vote while another one day short of twenty-one cannot vote. The sufficient legal answer is that where there is classification by division of time, by number, or by

weight there must be an arbitrary line drawn somewhere, and if the line drawn by the legislature cannot be said to be clearly wrong it must stand.

We agree with the appellants that the classification made will not support a tax as one on gifts *inter vivos* only. Under such taxation the classification is wholly arbitrary · and void. We perceive no more reason why such gifts *inter vivos* should be taxed than gifts made within six years of marriage or any other event. It is because only one class of gifts closely connected with and a part of the inheritance tax law is created that the law becomes valid. Gifts made in contemplation of death stand in a class by themselves, and as such they are made a part of the inheritance tax law to the end that it may be effectively administered. We adhere to the ruling in the *Ebeling Case.*

*By the Court.*—Orders affirmed.

ESCHWEILER, J., dissents.