Will of Uihlein: Uihlein and others, Appellants, vs. Wisconsin Tax Commission and another, Respondents.

*April 10—May 12, 1925.*

*Inheritance taxes: Constitutionality: Gifts in contemplation of death: When tax accrues: What rate applicable.*

1. The legislature having the right to enact a statute conclusively presuming that gifts made within a designated time of death are in contemplation thereof, it could determine the period within which the conclusion became absolute; and the period of six years which it designated is not so excessive or unreasonable that it was beyond the legislative field. p. 103.

2. An inheritance tax on gifts made in contemplation of death, prior to the increase in the tax rate by ch. 320, Laws of 1917, or ch. 568, Laws of 1921, was properly assessed under the statute in force at the time of the death rather than under that prescribing the rate of tax at the time of the gift, as the tax attaches and becomes vested in the state on the death of the donor, and not before. p. 104.

APPEAL from a judgment of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Affirmed.*

Proceedings to determine the amount of inheritance tax payable on the estate of Henry Uihlein, deceased, including gifts made to his children within six years prior to his death. Henry Uihlein died April 22, 1922, leaving an estate to be administered under his will. Within six years prior to his death he made two gifts to or for the benefit of his six children. The first gift was made in February, 1917. The second gift was made July 2, 1921. Between the time of the making of such gifts and the time of his death the inheritance tax rate in Wisconsin increased. See ch. 320, Laws of 1917; ch. 568, Laws of 1921. The gifts in question were not made in actual contemplation of death, but under the statute and prior decisions of this court the county court held that they were conclusively presumed to be made in contemplation of death, and the court assessed the inheritance rates in force at the time of the death of the deceased. From a judgment entered accordingly the children of the testator and the executors of the will appealed.

For the appellants there were briefs by *Miller, Mack & Fairchild,* attorneys for *Herman A. Uihlein* and others, and *Patrick W. Dean,* guardian *ad litem,* all of Milwaukee, and oral argument by *Edwin S. Mack.*

For the respondents there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

VINJE, C. J.    The counsel for appellants claim that our statute, conclusively presuming that gifts made within six years of the testator's death are made in contemplation of death, is unconstitutional; but they frankly state they do not desire to offer any argument on the questions that were settled in the cases of *Estate of Ebeling,* 169 Wis. 432, 172 N. W. 734, and *Estate of Schlesinger,* 184 Wis. 1, 199 N. W.

951, in addition to the arguments presented in those cases, but desire to urge that the period fixed, namely six years, is an unreasonably long period, and for that reason the statute is unconstitutional, as well as for the reasons urged in the former cases. As stated in the *Schlesinger Case*, the statute was enacted for the purpose of enabling the taxing officials of the state to make an efficient and practical administration of the inheritance tax law. If the legislature had the right to make a conclusive presumption it was undoubtedly within the legislative field to determine the period within which such conclusion should be considered absolute. Unless the period of six years is so excessive and unreasonable that it can be said that it was beyond the legislative field, courts cannot interfere. In our judgment the legislature did not pass beyond its field in fixing upon the period of six years. Common experience and observation show that many men of advancing years begin to make a testamentary disposition of their estate in the way of gifts and that such action may continue over quite a number of years. At any rate it was for the legislature to determine the length of the period, and we cannot say judicially that it is so long as to be unreasonable.

It is further claimed that the legislature had no right to assess upon these gifts a rate of taxation that was not in existence at the time they were made; that the assessing of such a rate was retroactive and beyond the power of the legislature. Their argument is based upon the assumption, apparently, that the right to tax accrues at the time the gift is made and not at the time the donor dies, and therefore the inheritance tax rate in existence at the time the gift is made attaches to the gift and is the rate that should be applied. It is said that the tax is upon the right to take title and not upon the property, and therefore the rate in existence at the time title passes governs and not the rate in existence at the time of the death of the donor. In support of this contention

they cite *Estate of Potter,* 188 Cal. 55, 204 Pac. 826.  It is apparent that the California case so construes their inheritance tax laws, for the court says:

"The transfer of October, 1908, immediately passed to Jesse S. L. Potter the title to the property as of that date. It is settled law that the tax is levied on the transfer of title or on the exercise of the right to transfer the title, including, of course, the right of the transferee to receive it, and not on the property itself; and that while the provision imposing the tax on prior transfers in contemplation of death or with intent that they take effect in enjoyment at death are but safeguards against attempts to evade the tax, the recipient of a present transfer of that character is bound only for the inheritance tax due upon it under the law in force at the time the title passes, and the legislature has no power to raise the rate or increase the tax on such transfer by a subsequent act."   Citing many California cases.

Further on in the opinion it is stated:

"It is also settled that the right to such tax vests in the state at the date of the taxable transfer and that the legislature cannot by subsequent acts reduce the rate of taxation thereon, since to do so would be to make a gift of the property of the state to the extent of the reduction, contrary to sec. 31, art. IV, of the constitution."

Whatever may be the construction which the California court has put upon its inheritance tax law, it is settled in this state that the tax attaches not at the date of the transfer of the gift but at the date of the death of the donor.  *Estate of Stephenson,* 171 Wis. 452, 177 N. W. 579; *Estate of Schlesinger,* 184 Wis. 1, 199 N. W. 951.  Under our decisions the gifts that have been made within six years of the donor's death, together with the amount of the estate left by the donor at the time of his death, constitute his estate and must be administered, so far as inheritance tax proceedings are concerned, as one estate.  The tax does not attach and become vested in the state until the death of the donor. When the gift is made and the donee receives it there is no

certainty that an inheritance tax will ever be levied upon the gift. If the donor survives more than six years and the gift was not made in contemplation of death there will be no tax. Therefore, how can it be said that the rate in force at the time the gift is made attaches to the gift and the right to have that rate assessed vests in the donee? The right to assess the inheritance tax, under our decisions, does not vest in the state until the intestate, the testator, or the donor dies. Therefore it cannot vest in any legatee or donee before the time that the right to assess it vests in the state. At the time this donor died the inheritance tax rate was higher than when the gift was made, but since the right to assess an inheritance tax upon the gift did not vest in the state until he died, the right to have any rate applied did not vest in the donee until the death of the donor. Therefore there is nothing retroactive in assessing the rate which is applicable to the gift when the right to assess accrued.

*By the Court.*—The judgment of the county court is affirmed.