*902 OPINION.
Milliken :
For the purposes of this decision, we perceive no reason for dividing the transfers made two years prior to death and those made within two years of death. All the transfers which decedent *903 made to his wife were in conformity with a well considered plan to provide a substantial estate for his wife and fulfill, to the fullest extent, the prenuptial promise he had made. The expectation or anticipation of death, either in the immediate or reasonably distant future, was not the moving cause of the transfers. From late in 1919, when decedent had fully recovered from an operation, until the attack of dengue fever, late in November, 1923, he was actively engaged in his various business pursuits. He had received tfeatment for asthma in 1923, and recovered much sooner than either he or his physician anticipated. His physician had advised him that he had a life expectancy of from 10 to 15 years.
Counsel for respondent emphasizes the age of the decedent, when some of the transfers were made in 1923. It is true, in 1923, the decedent had passed the Biblically allotted period of life. Nevertheless, taking into account the business activities in which he was engaged, together with the prophecy of his physician as to his expectancy of life, he, in common with the rest of humanity, expected to far outlive his allotted time.
We conclude that the transfers in question were not made in contemplation of death and that the evidence is amply sufficient to overcome the statutory presumption raised by section 402(c) of the Revenue Act of 1921.

Judgment will be entered for the petitioner, on 15 days' notice, wnder Rule 50.

Considered by Maequette, Phillips, and VaN FossaN.