MARY WALKER BOGGS, EXECUTRIX, ESTATE OF R. H. BOGGS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12309.  Promulgated April 25, 1928.

*T. F. Ryan, Esq.*, and *J. B. Peery, C. P. A.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

826

OPINION.

SMITH: The principal issue raised by this proceeding is whether the transfer of $500,000 par value of bonds of Pittsburgh, Mars & Butler Railway Co., which had a market value in October, 1921, of $372,000, was a transfer made in contemplation of death within the meaning of section 402 of the Revenue Act of 1921, the decedent having died testate on July 9, 1922, or within two years from the date of the transfer. The respondent has included in the gross estate the bonds in question at a value of $372,000. On behalf of the petitioner it is contended (1) that the subject matter of the transfer is not a material part of decedent's property, and (2) that fear of death was not the motivating cause for the transfer and that another direct cause is shown therefor.

Section 402 of the Revenue Act of 1921, so far as is here material, provides as follows:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*       \*       \*       \*       \*       \*       \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

No decision of the courts has been called to our attention which lays down any definite and specific rule as to the meaning of the words " material part " of the decedent's property as used in section 402(c) of the Revenue Act of 1921, but a number of decisions have been rendered by the courts passing upon the question of the " materiality " of the property transferred. See *In re Ebeling's Estate,* 172 N. W. 734; *In re Stephenson's Estate,* 177 N. W. 579; *In re Dupignac's Estate,* 125 Atl. 119; *Gaither* v. *Miles,* 268 Fed. 692; *In re Stevens' Will,* 188 N. W. 484. In the case of *Gaither* v. *Miles, supra,* the court held that the gift being less than 4 per cent of the whole estate scarcely formed such a material part of it as to throw upon the plaintiff the burden of proving that the gift was not parted with in contemplation of death. In *In re Dupignac's Estate, supra,* the court found that:

\*   \*   \*   The gifts obviously were of a material portion of the estate—the first one, $75,000, being approximately 10 per cent. of the net estate, and the second, $127,000, being more than 20 per cent. of the then net estate; and the appellants so concede.

We think that the phrase " material part " used in the statute does not have reference to a specific percentage of the total estate. The sum of $372,000, constituting between 5 and 6 per cent of the estate of R. H. Boggs, in our judgment constituted a material part of the estate.

As to what is meant by the statute with reference to a transfer " in contemplation of death " it was stated by the Court of Claims in *Meyer* v. *United States,* 60 Ct. Cls. 474:

If it be said that there need not be a conviction that death is imminent, there must at least be a belief that it is to be expected in the very near future rather than in the usual course of events. And in this state of mind, in this behalf in the near approach of death, must be found the motive for the conveyance if it is properly to be characterized as made in contemplation of death.

In *Shwab* v. *Doyle,* 269 Fed. 321, the Circuit Court of Appeals said:

\* \* \* On principle, and without present reference to authority, the ultimate question concerns the motive which actuated the grantor; that is to say, whether or not a specific anticipation or expectation of her own death, immediate or near at hand (as distinguished from the general and universal expectation of death some time), was the immediately moving cause of the transfer. \* \* \*

In *Spreckels* v. *State*, 30 Cal. App. 363; 158 Pac. 549, the court said:

A reasonable and just view of the law in question is that it is only where the transfer of property by gift is immediately and directly prompted by the expectation of death that the property so transferred becomes amenable to the burden; or, as counsel for the respondents with singular aptness states the proposition:

"It is only when contemplation of death is the motive without which the conveyance would not be made, that a transfer may be subjected to the tax."

See also *State* v. *Pabst*, 139 Wis. 561; 121 N. W. 351; *Spencer Borden, Jr., Executor*, 6 B. T. A. 255; *Estate of A. J. Schulz*, 7 B. T. A. 900; *Estate of Charlotte C. Lozier*, 7 B. T. A. 1050.

R. H. Boggs had many times promised his wife to transfer property to her which would give her an independent income. Witnesses testified that the decedent had transferred property to his first wife from which she derived an independent income. The transfer made to the petitioner was simply in fulfilment of the promise which he had made to her before marriage. Although Boggs was well advanced in years at the time the transfer was made, he apparently had no premonition of an early demise. The evidence rebuts any presumption that the transfer was made in contemplation of death. The amount of $372,000, the market value of the bonds, was not a part of the gross estate of the decedent for the purpose of the estate tax.

The other issues raised by the petition will be settled by a stipulation to be filed by counsel for the petitioner and counsel for the respondent without the taking of further testimony.

*Judgment will be entered on 15 days' notice, under Rule 50.*