The decedent died September 11th, 1925, leaving an estate of the appraised value of $398,669.71. The comptroller assessed, as part of the estate, two gifts to the decedent's son, made within two years of the decedent's death, appraised at $111,179.80, holding that they were made in contemplation of death. The appeal is from this ruling, and the contention is that the proofs overcome the presumption created by the statute, that "gifts within two years of death shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death."
The decedent had been a manufacturer in Newark. In 1918 he incorporated his business as Louis Sacks, Incorporated, and gave his son six hundred and sixty-three shares of the capital stock, keeping six hundred and fifty-six. The son ran the business after that, the father keeping in close touch. In April, 1924, he gave his son securities consisting of bonds and stock valued at $61,127. About the same time he sold to him his stock holdings in the Louis Sacks, Incorporated, for $50,052.80, and seven hundred and thirty-nine shares of the capital stock of the Sacks Realty and Investment Company for $33,964.44, taking notes for the respective amounts. In April, 1925, he gave up and canceled the note for $50,052.80, retaining the other. The gifts of the securities and the note were assessed.
The deceased was seventy-three years of age when he passed away. He died of pneumonia, eleven days after contracting a cold, while on vacation at Hollywood, this state. In 1916 he had diabetes, but the sugar condition cleared rapidly, under dietary treatment, and he was cured within the year, so his physician says, and who also testified that his system was free from sugar from that time until he last saw him in the *Page 711 
year of his death. He also says that in 1919 the deceased developed heart murmer at the apex, though the last physical examination in February, 1925, indicated that "his condition was excellent, especially for a man of his years," that "he was perfectly capable at that time of doing anything in a business way" and "was mentally clear and sagacious." While the deceased had retired from his life's occupation as a manufacturer, he continued active as president of two building loan associations, attended to his personal investments and joint investment accounts with his son until his death. He was in good health the son says, meaning, probably, that he was uncomplaining and in good spirits until his last illness, and in this he is supported by the family physician. The dormant diabetes and the heart murmur seem not to have had any disturbing influence, although the death certificate records that a contributing cause of death was diabetes mellitus.
The fact that the deceased was past seventy when he made the gifts is not, of itself, persuasive that they were made in contemplation of death; it is a circumstance to be considered. Though advanced in years, in all probability he was not thinking of death — at least, not soon. That is common experience. Pondering upon death is a rare plague, and, unless we sense its approach in illness or reflect upon its escape in accident, it happily gives us little concern — maybe, because of its certainty, and the uncertainty of the event. Those who have attained the biblical measure of years may, sometimes, in solitude, realize that the grim destroyer is stalking, but only to serenely dismiss him with the feeling that the overtaking is indefinitely distant, and that, in all likelihood, was the attitude of the deceased, judging from the physician's testimony that he "always felt that he would live a long time because he was living such a careful and well regulated, orderly life." Gifts under such circumstances, without more, are not made in contemplation of death, within the meaning of the statute. A tax levy is not justifiable unless death be apprehended or the gift is in anticipation of that event. Expectation of death, at some time, is not within the statutory criterion. The provision of the statute that gifts within two *Page 712 
years of death are to be deemed to have been made in contemplation of death is not an extension of the statutory definition of taxable gifts. It merely lays down a rule of evidence for the trial of the issue whether they were made under circumstances. All gifts, whensoever made, if made in contemplation of death, are taxable, but gifts are not taxable simply because they were made within two years of death. The statute is not intended to penalize gifts. If they were made more than two years before, the burden is on the state to show the motive. If within that period the statute arbitrarily raises the presumption that they were so made unless the facts show they were not; the burden of proof is shifted. Whether a tax on a gift is leviable in either circumstance is a question to be solved upon the peculiar facts of the given case. Here, at the time of the gifts the deceased was a widower, with an only son with whom he made his home. A year and six months before the first gift (October, 1922) he executed his last will and testament bequeathing to him all his estate, except, approximately, $20,000, in pecuniary legacies to others. Aside from the great affection he bore his only child, the decedent was justly proud of his bent and capacity to carry on where he had left off the manufacturing business, a pardonable vanity, and was deeply concerned in his success. He was anxious, no doubt, for his son's independence, and prosperity in trade, and was not content with merely counseling and advising, but, quite naturally, stimulated his industry with financial aid. All that surrounds the gifts indicates that his aim was to see, in his own lifetime, his son well established and worthy. They were made in contemplation of living, that he might enjoy the reaction, not of death. The decedent's last will and testament tends strongly to refute the charge, that the gifts were made in contemplation of death, for if, as the will shows, he contemplated, at the time of the gifts, that his son should have all but a fraction of his worldly possessions at death, then, certainly, he was not actuated to make the gifts in contemplation of that event.
It is not contended that the gifts were made in anticipation of death to escape the inheritance tax. Indeed, the incident *Page 713 
of the gift of one of the notes while withholding the other would seem to repel that implication of the statutory presumption, and lends support to the view already expressed that the deceased was prompted purely by parental love and affection and his son's well-being. In 1918 he put him in charge of his works and gave him a majority of the stock of the company; in 1923 the securities, and if, when he surrendered the note, which he had taken the year before for the balance of the stock, his purpose was to avoid the death tax, surely, he would have handed over the other as well. The discrimination denies the inference. The proof rebuts the statutory presumption. The assessment will be set aside.