17363·

JOSEPH E. CRAWFORD and WILLIAM L. MULLEN, Executors, *ET AL.*, Appellants, v. SOUTH CAROLINA TAX COMMISSION, Respondent

(101 S. E. (2d) 267)

*Messrs. Perrin & Perrin,* of Spartanburg, *for Appellants,*

*Messrs. T. C. Callison, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Respondent,*

December 10, 1957.

STUKES, Chief Justice.

This is an appeal from the assessment of inheritance taxes upon the estate of T. S. Crawford, deceased. Sec. 65-510, Code of 1952. Within three years prior to his death the decedent made several gifts to his son, his daughter, his son-in-law and his daughter-in-law.

Section 65-464 of the Code of 1952, as amended in 1955, provides as follows: "Transfers of property by gift or deed between parties related by blood or marriage, made and completed within three years prior to death and without an adequate valuable consideration, shall be considered as taxable transfers under this article made in contemplation of death." 1957 Cumulative Code Sup., Vol. 6.

The Tax Commission construed the quoted statute to require the assessment of the gifts as a portion of the estate, regardless of the motivation of the gifts and regardless of whether they were in fact made in contemplation of death. From this construction and application the executors and the beneficiaries of the gifts have appealed and contend that the statute, as construed and applied by the Tax Commission, is unconstitutional and therefore invalid upon the authority of *Schlesinger v. State of Wisconsin*, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224, and *Heiner v. Donnan*, 285 U. S. 312, 52 S. Ct. 358, 76 L. Ed. 772. These decisions speak for themselves and need no discussion. In the first cited a statute which prescribed that transfers of property within six years of death "shall be construed" to have been in contemplation of death was held invalid; and in the second, transfers within two years of death "shall be deemed and held to have been made in contemplation of death" met the same fate. The vice of the statutes in those cases and this is made clear by the following quotation from the leading opinion in the *Heiner case*, 285 U. S. 312, 52 S. Ct. 360:

"There is no doubt of the power of Congress to provide for including in the gross estate of a decedent, for purposes

of the death tax, the value of gifts made in contemplation of death; and likewise no doubt of the power of that body to create a rebuttable presumption that gifts made within a period of two years prior to death are made in contemplation thereof. But the presumption here created is not of that kind. It is made definitely conclusive—incapable of being overcome by proof of the most positive character."

Upon consideration we are constrained to agree with the construction of the statute by the Commission, whereby it becomes invalid under the cited authorities and others which may be found in the annotation in 75 A. L. R. 544, 547. Supplementary annotations appear in 120 A. L. R. 170, 184, and 148 A. L. R. 1051, 1056. It would be too strained a construction to say that the statute *sub judice* merely created a rebuttable presumption. That might have been easily done by the use of other language. Cases in which the phrase "shall be considered" are collected in 39 Words and Phrases, p. 170 *et seq.* In them it was held that the phrase created a conclusive presumption.

The Commission cites *In re Sacks,* 1927, 101 N. J. Eq. 709, 139 A. 53; but the statute there was, "Gifts within two years of death shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death," and the court concluded as follows: "It merely lays down a rule of evidence for the trial of the issue. * * * If they (gifts) were made more than 2 years before (death), the burden is on the state to show the motive. If within that period the statute arbitrarily raises the presumption that they were so made (in contemplation of death) unless the facts show that they were not; the burden of proof is shifted." The opinion contains the following which may or may not be pertinent to the case at hand—scant facts are before us:

"Pondering upon death is a rare plague and, unless we sense its approach in illness or reflect upon its escape in accident, it happily gives us little concern; maybe because of its certainty, and the uncertainty of the event. Those who

have attained the biblical measure of years may, sometimes, in solitude, realize that the grim destroyer is stalking, but only to serenely dismiss him with the feeling that the overtaking is indefinitely distant."

The assessment is set aside, and the Commission shall make a re-assessment of the estate for inheritance tax purposes which will be based upon the facts of the case, without the aid of the invalid statute.

Reversed and remanded.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.