SCHLESINGER ET AL., EXECUTORS, ETC., *v.* WIS-CONSIN ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 146. Argued January 18, 1926.—Decided March 1, 1926.

1. A conclusive statutory presumption that all gifts of a material part of a decedent's estate made by him within six years of his death were made in contemplation of death,—whereby they become subjected, without regard to his actual intent in making the gifts, to graduated inheritance taxes,—creates an arbitrary classification and conflicts with the Fourteenth Amendment. P. 239.
2. Such arbitrary classification, and consequent taxation, can not be sustained upon the ground that legislative discretion found them necessary in order to prevent evasion of inheritance taxes. P. 240.
3. The State is forbidden to deny due process of law, or the equal protection of the laws, for any purpose whatever; and a forbidden tax can not be enforced in order to facilitate the collection of one properly laid. *Id.*

184 Wisc. 1, reversed.

ERROR to a judgment of the Supreme Court of Wisconsin sustaining an inheritance tax.

*Mr. Charles F. Fawsett,* for plaintiffs in error.

Under the statute, as construed by the court, some donees of property are permitted to prove that their gifts were not made in contemplation of death, and thus avoid the tax, while others are not so permitted, but are subjected to the payment of the tax as the result of the conclusive presumption made by the statute that their gifts were made in contemplation of death although the fact be otherwise. That the legislature has no power to enact such a conclusive presumption is established by the authorities, without exception. *Bailey* v. *Alabama,* 219 U. S. 219; *Cockrill* v. *California,* 268 U. S. 528; *Mobile J. & K. C. R. Co.* v. *Turnipseed,* 219 U. S. 35; *Larson* v. *Dickey,* 39 Neb. 463; *Howard* v. *Moot,* 64 N. Y. 268; *M. K. & T. Ry.* v. *Simonson,* 64 Kans. 802; *Vega S. S. Co.* v. *Cons. El. Co.,* 75 Minn. 309; Cooley's Const. Limit'ns. (7th ed.) 526; 10 Ruling Case Law, 863. *In re Barbour's Estate,* 185 N. Y. App. Div. 445; *Bannon* v. *Burnes,* 39 Fed. 892; *Marx* v. *Hanthorn,* 30 Fed. 579; *Abbott* v. *Lindenbower,* 42 Mo. 162; *Wantlan* v. *White,* 19 Ind. 470; *White* v. *Flynn,* 23 Ind. 46; *McCready* v. *Sexton,* 29 Iowa 356; *Allen* v. *Armstrong,* 16 Iowa 508; *Groesbeck* v. *Seeley,* 13 Mich. 330; *In re Douglass,* 41 La. Ann. 765.

To justify such a tax, the necessary basis of fact must exist to invoke the taxing power to impose it. The legislature can make the law apply to the facts. It cannot make the facts to which the law is to apply. When the legislature undertakes to engraft upon a simple gift *inter vivos* the legal import of a gift made in contemplation of death, it is giving to it the legal import of a fact of an essentially different nature. If the legislature can do this in the case of such a simple fact as an ordinary gift *inter vivos,* there is no reason why it cannot do the same in the case of any fact, and attach to it the legal consequences of a fact of an entirely different nature.

A gift may be made in contemplation of death at any time during life, and it is equally true that one may be

made without any thought of death at any time during life, if gifts *causa mortis* are excepted. It is also common knowledge and experience that six years is ample time within which a person may contract even a chronic disease, and die of it. If it is permissible to enter the field of speculation, we think it may safely be said, that the great majority of people who die were not contemplating or thinking particularly about death as long as six years before the event occurred.

The fact that those gifts not made in contemplation of death, which are nevertheless taxed by the statute as gifts made in contemplation of death, may be a minority rather than a majority of all the gifts covered by the statute, cannot affect the constitutional objection. The rights of the minority under the Constitution are entitled to protection as well as those of the majority. Cf. *Ex parte Reilly,* 94 Ala. 82; *Bailey* v. *State,* 158 Ala. 25.

As to the " public necessity of not allowing large estates to escape the provisions of the law," this necessity should not be allowed to supersede the right of the individual taxpayer to have the question of his liability to the tax fairly determined. The legislature can not do by indirection that which, admittedly, it has no power to do directly. *Choctaw O. & G. R. Co.* v. *Harrison,* 235 U. S. 292; *St. Louis S. W. Ry. Co.* v. *Arkansas,* 235 U. S. 350.

The classification is invalid because it includes gifts not made in contemplation of death if made within six years prior to the death of the donor, but does not include other gifts of like character made under like circumstances and conditions. *Royster Guano Co.* v. *Virginia,* 253 U. S. 412; *Southern R. Co.* v. *Greene,* 216 U. S. 400; *Black* v. *State,* 113 Wis. 205; *Borgniss* v. *Falk,* 147 Wis. 327; *Nunnemacher* v. *State,* 129 Wis. 190; *Johnson* v. *City of Milwaukee,* 88 Wis. 383.

The classification, insofar as it includes gifts not made in contemplation of death merely because they were made

within six years prior to the death of the donor, is arbitrary and unreasonable. *Gulf C. & S. F. Ry. Co.* v. *Ellis,* 165 U. S. 150; *Southern R. Co.* v. *Greene,* 216 U. S. 400; *Black* v. *State,* 113 Wis. 205. Under the decisions of the Supreme Court of the State, the tax is imposed according to the value of the property, and at the rates in force, at the time of the death of the donor. *Estate of Stephenson,* 171 Wis. 452. Until the death of the donor, or the expiration of six years, no one can tell what the amount of the tax will be, or whether there will be any tax. The tax is upon the transfer made by the gift, but it is not determined, either as to amount or whether or not there will be a tax, by the fact of the transfer or by any circumstances or conditions existing at the time; but by a contingency in the future entirely disconnected with the transfer, in no way related to it and entirely beyond human control.

The right to make an ordinary gift of money or property, which may be completed by manual delivery, is a property right. Because the gifts in this case include property of that character, and the tax imposed is at a progressive rate, different from other property taxes, the statute denies to plaintiffs in error the equal protection of the law. *Keeney* v. *New York,* 222 U. S. 525; *Thomas* v. *United States,* 192 U. S. 363; *St. L. & S. W. Ry. Co.* v. *Arkansas,* 235 U. S. 350; *Dawson* v. *Kentucky Distilleries & Warehouse Co.,* 255 U. S. 288; *Knowlton* v. *Moore,* 178 U. S. 41; *Wynehamer* v. *People,* 13 N. Y. 378; Ruling Case Law, vol. 26, §§ 19, 210. The tax is imposed at a progressive rate which could not be justified except on the theory that the legislature has practically a free hand to impose any rate it pleases even to the point of confiscation of the property. *Beals* v. *State,* 139 Wis. 544. To annul the amendment will result merely in leaving the statute imposing the tax on inheritances and gifts made in contemplation of death, as it was before the amendment, without serious consequences to the State.

*Mr. Franklin E. Bump,* Assistant Attorney General of Wisconsin, with whom *Mr. Herman L. Ekern,* Attorney General, was on the brief, for defendants in error.

The classification for the purposes of the inheritance tax of all gifts made within a reasonable time before the donor's death as gifts made in contemplation of death is an administrative necessity, and has such a substantial relation to the object of the taxing statute that it is reasonably founded in the purposes and policies of taxation, and is therefore valid; and the imposition of taxes accordingly neither takes property without due process of law nor denies the equal protection of the laws to the recipients of such gifts. The power of the legislature to impose an excise tax upon the recipient of all transfers of property *inter vivos,* made with or without adequate valuable consideration, and whether made in contemplation of death or otherwise, cannot be successfully challenged. *Hatch* v. *Reardon,* 204 U. S. 152. It is enough that the classification is reasonably founded in the " purposes and policies of taxation." *Stebbins* v. *Riley,* 268 U. S. 137.

The classification was made in the exercise of legislative judgment and discretion, for the legitimate purpose of preventing a common and effective method (adopted particularly by men of wealth) of evasion of the inheritance taxes imposed upon the recipients of transfers of property by will or descent; and the fact that that classification results in the discrimination complained of, between gifts made within the six year period and those made without that period, is no objection to the classification, when viewed in the light of the object and purpose of the legislature in making it. *Stebbins* v. *Riley, supra.*

The inducement for, and the object and purpose of, the amendment is well stated in the case of *Estate of Ebeling,* 169 Wis. 432. It may be noted also that the Wis-

consin Tax Commission, (which is charged with the duty of administering the inheritance tax law,) in its report to the Governor and the Legislature of the State, (under date of December 3, 1912, and laid before the legislature of 1913,) which enacted the statute in question, made, among several recommendations for amendments to the law based upon its experience with the difficulties of enforcement, the following: "3. . . . At present large estates, or large portions of an estate may be, and frequently are, conveyed during the latter years of the owner's life to his children, in a manner that is clearly testamentary in its nature, yet that cannot readily be proved to have been made either in contemplation of death nor to evade the tax. The law should be made as broad in its language as it is in its purpose." *In re Uihlein's Will,* 187 Wis. 101.

A rebuttable presumption would be ineffectual. A number of the States besides Wisconsin have determined that it is necessary to the enforcement of their inheritance or succession tax laws to put all gifts made within a certain determined period (varying from two to six years) before death in the class of those made in contemplation of death, and to declare that all gifts made within such period shall be so deemed or construed. McElroy, The Law of Taxable Transfers, (2d ed.) 109.

The classification which the statute makes is so substantially related to the object of the taxing law that it must be upheld as reasonably founded in the State's purposes and policies of taxation. *Watson* v. *Comptroller,* 254 U. S. 122. Plaintiffs in error do not complain of the amount of the tax imposed, but only of the imposition of any tax at all. There is therefore no taking of property without due process of law. *Dane* v. *Jackson,* 256 U. S. 589; *Stebbins* v. *Riley,* 268 U. S. 137. The fundamental nature of the excise tax imposed by the law is not changed by the classification so as to make it a property

tax and subject to the rule of uniformity of taxation. *Stebbins* v. *Riley, supra.*

Mr. JUSTICE McREYNOLDS delivered the opinion of the Court.

Section 1087–1, Chapter 64ff, of the Wisconsin Statutes 1919, provides—

"A tax shall be and is hereby imposed upon any transfer of property, real, personal, or mixed . . . to any person . . . within the State, in the following cases, except as hereinafter provided:

"(1) When the transfer is by will or by the intestate laws of this State from any person dying possessed of the property while a resident of the State.

"(2) When a transfer is by will or intestate law, of property within the State or within its jurisdiction and the decedent was a nonresident of the State at the time of his death.

"(3) When a transfer is of property made by a resident or by a nonresident when such nonresident's property is within this State, or within its jurisdiction, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death. *Every transfer by deed, grant, bargain, sale or gift, made within six years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall be construed to have been made in contemplation of death within the meaning of this section.*"

These provisions were taken from § 1, c. 44, Laws of 1903, except that the last sentence of subdiv. 3 (italicized) was added by c. 643, Laws of 1913.

Section 1087–2, c. 64ff, imposes taxes upon transfers described by § 1087–1 varying from one to five per

centum, according to relationship of the parties, when the value is not above twenty-five thousand dollars. On larger ones the rates are from two to five times higher, with fifteen per centum as the maximum.

" Section 1087–5 [c. 64ff]. 1. All taxes imposed by this act shall be due and payable at the time of the transfer, except as hereinafter provided; and every such tax shall be and remain a lien upon the property transferred until paid, and the person to whom the property is transferred and the administrators, executors, and trustees of every estate so transferred shall be personally liable for such tax until its payment."

Other provisions of c. 64ff provide for determination, assessment and collection of the tax. In the Revised Statutes of 1921 and 1925, c. 64ff became c. 72, and section numbers were changed—1087–1 became 72.01, 1087–2 became 72.02, 1087–5 became 72.05, etc.

In *Estate of Ebeling* (1919), 169 Wis. 432, the court held: " Section 1087–1, Stats., as amended by c. 643, Laws 1913, which provides that gifts of a material part of a donor's estate, made within six years prior to his death, shall be construed to have been made in contemplation of death so far as transfer taxes are concerned, constitutes a legislative definition of what is a transfer in contemplation of death, and not a mere rule of law making the fact of such gifts *prima facie* evidence that they were made in contemplation of death."

*Estate of Stephenson,* 171 Wis. 452, 459—A gift of twenty-three thousand dollars constitutes a material part of an estate valued at more than a million dollars; also, gifts by decedents in contemplation of death must be treated, for purposes of taxation, as part of their estates.

*In re Uihlein's Will,* 187 Wis. 101—"As stated in the Schlesinger case, the statute was enacted for the purpose of enabling the taxing officials of the State to make an

efficient and practical administration of the inheritance tax law. . . . It is settled in this State that the tax attaches, not at the date of the transfer of the gift, but at the date of the death of the donor. . . . Under our decisions the gifts that have been made within six years of the donor's death, together with the amount of the estate left by the donor at the time of his death, constitute his estate, and must be administered, so far as inheritance tax proceedings are concerned, as one estate. The tax does not attach and become vested in the State until the death of the donor. When the gift is made and the donee receives it, there is no certainty that an inheritance tax will ever be levied upon the gift."

In the present cause the Milwaukee County Court found that Schlesinger died testate January 3, 1921, leaving a large estate; that within six years he had made four separate gifts, aggregating more than five million dollars, to his wife and three children; that none of these was really made in view, anticipation, expectation, apprehension or contemplation of death. And it held that because made within six years before death these gifts " are by the express terms of § 72.01 [formerly § 1087–1], Clause (3), of the statutes subject to inheritance taxes, although not in fact made in contemplation of death." An appropriate order so adjudged. The executors and children appealed; the Supreme Court affirmed the order (184 Wis. 1); and thereupon they brought the matter here.

Plaintiffs in error maintain that, as construed and applied below, the quoted tax provisions deprive them of property without due process of law, deny them the equal protection of the laws, and conflict with the Fourteenth Amendment.

The Supreme Court of the State said: "The tax in question is not a property tax but a tax upon the right to receive property from a decedent. It is an excise law."

" Such [legislative] intent was to tax only gifts made in contemplation of death.   That is the only class created. The legislature says that all gifts made within six years of the donor's death shall be construed to be made in contemplation of death," [which means] " that they shall conclusively be held to. be gifts made in contemplation of death and shall fall within the one taxable class of gifts created by the legislature."   " In our case the legislative intent we think is clear that the specified gifts were to be conclusively construed to be gifts in contemplation of . death."   " We agree with the applicants that the classification made will not support a tax as one on gifts *inter vivos* only.   Under such taxation the classification is wholly arbitrary and void.   We perceive no more reason why such gifts *inter vivos* should be taxed than gifts made within six years of marriage or any other event.   It is because only one class of gifts closely connected with and a part of the inheritance tax law is created that the law becomes valid.   Gifts made in contemplation of death stand in a class by themselves, and as such they are made a part of the inheritance tax law to the end that it may be effectively administered.   We adhere to the ruling in the Ebeling case."

No question is made of the State's power to tax gifts actually made in anticipation of death, as though the property passed by will or descent; nor is there denial of the power of the State to tax gifts *inter vivos* when not arbitrarily exerted.

The challenged enactment plainly undertakes to raise a conclusive presumption that all material gifts within six years of death were made in anticipation of it and to lay a graduated inheritance tax upon them without regard to the actual intent.   The presumption is declared to be conclusive and cannot be overcome by evidence.   It is no mere *prima facie* presumption of fact.

The court below declared that a tax on gifts *inter vivos* only could not be so laid as to hit those made within six

years of the donor's death and exempt all others—this would be "wholly arbitrary." We agree with this view and are of opinion that such a classification would be in plain conflict with the Fourteenth Amendment. The legislative action here challenged is no less arbitrary. Gifts *inter vivos* within six years of death, but in fact made without contemplation thereof, are first conclusively presumed to have been so made without regard to actualities, while like gifts at other times are not thus treated. There is no adequate basis for this distinction. Secondly, they are subjected to graduated taxes which could not properly be laid on all gifts or, indeed, upon any gift without testamentary character.

The presumption and consequent taxation are defended upon the theory that, exercising judgment and discretion, the legislature found them necessary in order to prevent evasion of inheritance taxes. That is to say, "A" may be required to submit to an exactment forbidden by the Constitution if this seems necessary in order to enable the State readily to collect lawful charges against "B." Rights guaranteed by the federal Constitution are not to be so lightly treated; they are superior to this supposed necessity. The State is forbidden to deny due process of law or the equal protection of the laws for any purpose whatsoever.

No new doctrine was announced in *Stebbins* v. *Riley*, 268 U. S. 137, cited by defendant in error. A classification for purposes of taxation must rest on some reasonable distinction. A forbidden tax cannot be enforced in order to facilitate the collection of one properly laid. *Mobile, etc., R. R.* v. *Turnipseed*, 219 U. S. 35, 43, discusses the doctrine of presumption.

The judgment of the court below must be reversed. The cause will be remanded for further proceedings not inconsistent with this opinion.

*Reversed*

MR. JUSTICE SANFORD concurs in the result.

Mr. JUSTICE HOLMES, dissenting.

If the Fourteenth Amendment were now before us for the first time I should think that it ought to be construed more narrowly than it has been construed in the past. But even now it seems to me not too late to urge that in dealing with state legislation upon matters of substantive law we should avoid with great caution attempts to substitute our judgment for that of the body whose business it is in the first place, with regard to questions of domestic policy that fairly are open to debate.

The present seems to me one of those questions. I leave aside the broader issues that might be considered and take the statute as it is written, putting the tax on the ground of an absolute presumption that gifts of a material part of the donor's estate made within six years of his death were made in contemplation of death. If the time were six months instead of six years I hardly think that the power of the State to pass the law would be denied, as the difficulty of proof would warrant making the presumption absolute; and while I should not dream of asking where the line can be drawn, since the great body of the law consists in drawing such lines, yet when you realize that you are dealing with a matter of degree you must realize that reasonable men may differ widely as to the place where the line should fall. I think that our discussion should end if we admit, what I certainly believe, that reasonable men might regard six years as not too remote. Of course many gifts will be hit by the tax that were made with no contemplation of death. But the law allows a penumbra to be embraced that goes beyond the outline of its object in order that the object may be secured. A typical instance is the prohibition of the sale of unintoxicating malt liquors in order to make effective a prohibition of the sale of beer. The power " is not to be denied simply because some innocent articles or transac-

tions may be found within the proscribed class." *Purity Extract & Tonic Co.* v. *Lynch,* 226 U. S. 192, 201, 204. *Jacob Ruppert* v. *Caffey,* 251 U. S. 264, 283. In such cases (and they are familiar) the Fourteenth Amendment is invoked in vain. Later cases following the principle of *Purity Extract & Tonic Co.* v. *Lynch* are *Hebe Co.* v. *Shaw,* 248 U. S. 297, 303; *Pierce Oil Co.* v. *Hope,* 248 U. S. 498, 500. See further *Capital City Dairy Co.* v. *Ohio,* 183 U. S. 238, 246.

I am not prepared to say that the legislature of Wisconsin, which is better able to judge than I am, might not believe, as the Supreme Court of the State confidently affirms, that by far the larger proportion of the gifts coming under the statute actually were made in contemplation of death. I am not prepared to say that if the legislature held that belief, it might not extend the tax to gifts made within six years of death in order to make sure that its policy of taxation should not be escaped. I think that with the States as with Congress when the means are not prohibited and are calculated to effect the object we ought not to inquire into the degree of the necessity for resorting to them. *James Everard's Breweries* v. *Day,* 265 U. S. 545, 559.

It may be worth noticing that the gifts of millions taxed in this case were made from about four years before the death to a little over one year. The statute is not called upon in its full force in order to justify this tax. If I thought it necessary I should ask myself whether it should not be construed as intending to get as near to six years as it constitutionally could, and whether it would be bad for a year and a month.

MR. JUSTICE BRANDEIS and MR. JUSTICE STONE concur in this opinion.