**HALL et al. v. WHITE, Internal Revenue Collector.**

No. 4595.

District Court, D. Massachusetts.

April 6, 1931.

Charles O. Pengra, John H. Sherburne, Jr., and Choate, Hall & Stewart, all of Boston, Mass., for plaintiffs.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge.

The facts are stated in the declaration and need not be repeated. The gifts in question were a wedding present from Mr. Choate to one of his daughters and an equal amount given at the same time to the other daughter. He died within two years afterwards. The statute applies; and the only question is whether its provisions are constitutional.

The gifts were taxed, as part of Mr. Choate's estate because made in contemplation of death. In fact, they were not so made at all. The contemplation of death was conclusively attributed to him by the taxing department only because of the provisions of the statute.

In my opinion, the case is controlled by Schlesinger et al., Executors, v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224. The only distinction between that case and this one is that there the statutory period was six years, while here it is two years. As I understand the majority of opinion, this difference is not significant, the principle being that it is arbitrary and unreasonable to tax a person or an estate on a state of facts which do not exist and which the person taxed is not permitted to show do not exist. "Mere legislative fiat may not take the place of fact in the determination of issues involving life, liberty or property." Butler J. Manley v. Georgia, 279 U. S. 1, 6, 49 S. Ct. 215, 217, 73 L. Ed. 575.

Demurrer overruled.