**DONNAN et al. v. HEINER, Collector of Internal Revenue.**

No. 6520.

District Court, W. D. Pennsylvania.

April 8, 1931

William G. Heiner, of Pittsburgh, Pa.; for plaintiffs.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Asst. Atty., both of Pittsburgh, Pa., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

GIBSON, District Judge.

This matter comes before us upon defendant's statutory demurrer to plaintiffs' statement. The facts disclosed by the statement are substantially as follows:

John W. Donnan died at Washington, Pa., on December 23, 1928. The present plaintiffs, executors of his estate, made a return for estate tax purposes on December 19, 1929, which showed a net taxable estate of $1,173,987.21, and a tax due of $62,578.98. Credit was claimed thereon of 80 per cent. paid to the state of Pennsylvania in the amount of $50,063.10, and the balance, $12,515.80, was paid to the United States. Upon examination of the return, the Commissioner increased the amount of the gross estate by adding three certain items which had been omitted by the executors in their return: First, a note in the amount of $5,000 dated October 3, 1923, representing an advancement to Sydney B. Donnan, a son of the decedent; second, a note in the amount of $32,500, dated September 15, 1927, representing an advancement to Alvan E. Donnan, another son of the decedent; and, third, a trust fund created by deed of trust dated March 1, 1927, whereby the decedent transferred assets valued by the executors at $1,700,000 to trustees, who were to pay the life income therefrom to the four children of the decedent and to distribute the same twenty years after the death of the last survivor. In his addition to the gross estate, the commissioner placed a value upon the trust property of $2,200,885.26. No question arises in the instant matter in respect to the propriety of the commissioner's increase in the value

of the trust fund. The additions to the gross estate resulted in an increase of liability for estate tax of $226,067.31. Against this amount an 80 per cent. credit for payment made to the state of Pennsylvania was allowed in the amount of $180,853.85. Plaintiffs subsequently paid the difference of $47,-733.87 to the defendant on February 17, 1931, and on February 24th following filed a claim for refund, which was denied on March 6, 1931. Thereupon the instant action was instituted on March 11, 1931.

The statement of claim asserts that the advancements to his sons, evidenced by notes aggregating $37,500, and the amount of the trust fund, represented complete and irrevocable gifts to his children which were made during the lifetime of the decedent, and were not made in contemplation of death. Consequently, the inclusion of such gifts by the Commissioner in the gross estate of the decedent for purposes of estate tax was illegal. Plaintiffs seek to recover the amount of tax paid to the defendant by reason of the alleged wrongful increase of the decedent's gross estate. To the statement of claim the defendant has filed a statutory demurrer wherein he asserts, in substance, that plaintiffs' statement is insufficient in law, in that section 302(c) of the Revenue Act as amended in 1926 (26 USCA § 1094(c) makes said advancements and trust fund taxable, irrespective of whether or not the advancements were made, or the trust fund executed, in contemplation of death.

Section 302(c) of the Revenue Act as amended in 1926 (26 USCA § 1094(c), is as follows: "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Where within two years prior to his death but after the enactment of this Act, and without such a consideration the decedent has made a transfer or transfers, by trust or otherwise, of any of his property, or an interest therein, not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after his death, and the value or aggregate value, at the time of such death, of the property or interest so transferred to any one person is in excess of $5,000, then, to the extent of such excess, such transfer or transfers shall be deemed and held to have been made in contemplation of death within the meaning of this title. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death but prior to the enactment of this Act, without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

The section quoted, if constitutional, fully sustains the defendant in his demurrer. Its constitutionality, however, is attacked by the plaintiffs, who assert that it seeks to deprive plaintiffs of their property without due process of law, in violation of the Fifth Amendment to the Constitution, in that it seeks to establish a conclusive statutory presumption which is contrary to the actual fact.

The present matter seems to be ruled by Schlesinger v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224. In that case the Supreme Court had under consideration a state tax statute which contained a provision very similar to that set forth in the second sentence of section 302(c) of the Act of 1926 (26 USCA § 1094(c). The only point of difference was one of degree, in that the Wisconsin act of 1919 (St. Wis. 1919, § 1087—1, subd. 3), provided that every transfer made within six years prior to death, of a material part of his estate, shall be construed to have been made by the grantor in contemplation of death, whereas the act of 1926 fixes a two-year period. The Supreme Court decided that the conclusive presumption of the statute created an arbitrary classification and was in violation of the Fourteenth Amendment. As to the variation of time, it may be possible that the Supreme Court based its finding solely upon the great length of time, six years, in which the presumption was in effect. If so, the fact does not appear in the opinion. In argument, counsel for the defendant commented upon the fact that the Fourteenth Amendment was under consideration by the Supreme Court in Schlesinger v. Wisconsin, while in the present case the statute is alleged to violate the Fifth Amendment. It has been held in numerous cases that "equal protection of the laws" of the Fourteenth Amendment is the equivalent of "due process of law" of the Fifth Amendment. We feel, therefore, that no extended consideration need be given the alleged distinction. The Schlesinger Case was affirmed by the Supreme Court in Uihlein v. Wisconsin, 273 U. S. 642, 47 S. Ct. 110, 71 L. Ed. 818.

Judgment will be entered for the plaintiffs upon the affidavit of defense raising questions of law.