## GUINZBURG et al. v. ANDERSON, Collector of Internal Revenue.

District Court, S. D. New York.
July 28, 1931.

James Marshall, of New York City (James Marshall and N. H. Kugelmass, both of New York City, of counsel), for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (Murray I. Gurfein, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion to dismiss the complaint for insufficiency in law. The action is to recover estate taxes alleged to have been illegally collected; and the question involved is the constitutionality of the irrebuttable presumption provision of section 302, subdivision (c), of the 1926 Revenue Act, 26 USCA § 1094 (c), which requires the inclusion in the gross estate of all transfers made within two years of death without consideration even though not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after death.

The part of the section under attack has recently been held unconstitutional by Judge Gibson in the Western District of Pennsylvania in Donnan v. Heiner (D. C.) 48 F.(2d) 1058, and by Judge Morton in the District of Massachusetts in Hall v. White (D. C.) 48 F.(2d) 1060.

The plaintiffs are executors of the will of Henry A. Guinzburg, who died on November 16, 1928. On July 1, 1927, or one year, four months, and sixteen days prior to his death, the decedent, together with his wife, purchased and presented to their son Harold, as a wedding gift, a private residence in New York City, the total cost of which was $71,-368, one-half being contributed by the decedent and one-half by his wife.

The title to the property was taken in the name of the son, who immediately entered into possession, and has ever since occupied the premises as a home. Neither the deceased nor his wife has at any time had title, possession, or control, or any interest in the property. On the present record, therefore, the gift stands as not having been made by the decedent "in contemplation of or intended to take effect in possession or enjoyment at or after his death," but rather to have been prompted by a natural desire of parents to make some suitable and effective provision for a son on his marriage.

The executors filed a return under the statute stating the facts with respect to the gift, but insisting that it was not taxable. The commissioner, however, in determining the tax, included in the gross estate an item of $30,684, representing the value at the decedent's death of the contribution made by him towards the purchase of the residence, less a statutory exemption of $5,000; and it was on that basis of the inclusion of this item that the resultant tax was computed. The amount of the tax was paid under protest, and, after claim for refund had been made and refused, the present action was commenced.

The plaintiffs contend: (1) That the tax is arbitrary, and in violation of the Fifth Amendment; and (2) that it is an unapportioned direct tax contrary to article 1, § 9. The defendant insists, on the other hand, that the tax may be sustained either as a gift tax inter vivos, or as a necessary provision to prevent tax evasion.

■ The federal estate tax is a tax upon "the interest which ceased by reason of the death." Edwards v. Slocum, 264 U. S. 61, 63, 44 S. Ct. 293, 68 L. Ed. 564; Young Men's Christian Ass'n v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 68 L. Ed. 558. And being an excise tax it need not be apportioned. New York Trust Co. v. Eisner, 256 U. S. 345, 349, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660. The "generating source" of the authority to impose such a tax is death. Knowlton v. Moore, 178 U. S. 41, 56, 57, 20 S. Ct. 747, 44 L. Ed. 969. Therefore, the interest of a decedent in an estate by the entirety is taxable, Tyler v. U. S., 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758; as also is an insurance policy where the power to change the beneficiary is reserved, Chase Nat. Bank v. U. S., 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388; and also property placed in trust for the donor's life where there is a reserved power of revocation, Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397. But the law is otherwise where death plays no part in the transfer. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Reinecke v. Northern Trust Co., supra. For as stated by Mr. Justice Stone in the Reinecke Case, 278 U. S. at page 346, 49 S. Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R. 397, "The shifting of the economic interest in the trust property which was the subject of the tax was thus complete as soon as the trust was made." And the taxation of gifts made in contemplation of death has been upheld on the ground of "the prevention of the evasion of estate taxes by gifts made before, but in contemplation of, death." Milliken v. U. S., 283 U. S. 15, 23, 51 S. Ct. 324, 327, 75 L. Ed. 809; U. S. v. Wells, 283 U. S. 102, 116, 117, 51 S. Ct. 446, 75 L. Ed. 867.

■ The government's argument that the tax can be sustained as an inter vivos gift tax, under the authority of Bromley v. McCaughn, 280 U. S. 124, 50 S. Ct. 46, 74 L. Ed. 226, is not only not borne out by the language of the section, but is thoroughly unsound. Under the statute: (a) The gift is included in the estate at the value at the date of death irrespective of the value at the time of receipt; (b) the amount of the tax is not based on the gift itself but on the value of the entire net estate; and (c) the tax falls upon the interest of the beneficiaries in the estate, and not upon the donee, unless the estate is inadequate. I do not think, therefore, there is any possible justification for upholding the tax as a gift tax. As stated by Chief Justice Hughes in U. S. v. Wells, supra, at page 118 of 283 U. S., 51 S. Ct. 446, 452, "If it is the thought of death, as a controlling motive prompting the disposition of property, that affords the test, it follows that the statute does not embrace gifts inter vivos which spring from a different motive." Furthermore, much the same contention as urged by the government in the present case was made in the Schlesinger Case, and rejected by the Wisconsin Supreme Court, 184 Wis. 1, 199 N. W. 951, even before the case reached the Supreme Court of the United States. Schlesinger v. Wisconsin, 270 U. S. 230, 238, 239, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224.

■ The tax must therefore be sustained, if at all, as a necessary adjunct of the taxing power in order to prevent tax evasion. But that point was squarely met and decided adversely to the government's contention in the Schlesinger Case with respect to the Wisconsin statute, which was substantially the same as the federal statute involved in this case. Schlesinger v. Wisconsin, supra. And the two cases are not to be distinguished on the ground of substantial difference between the Fifth and Fourteenth Amendments. Coolidge v. Long, 282 U. S. 582, 51 S. Ct. 306, 75 L. Ed. 562. In each case, the statute "undertakes to raise a conclusive presumption," which is "without regard to actualities." Schlesinger v. Wisconsin, supra, at pages 239, 240 of 270 U. S., 46 S. Ct. 260, 261. And that is sufficient to condemn the statute in the present case just as it was in the Schlesinger Case. I cannot see, either, that it makes any difference that the prescribed period in this case is two years, whereas the statutory period in the Schlesinger Case was six years. In either event, the period is purely arbitrary, and the gift is taxed without regard to the facts, or the actual intent. This is enough to bring it within the constitutional bar.

The motion to dismiss the complaint is, therefore, denied.