## DELAWARE TRUST CO. v. HANDY, Collector of Internal Revenue.

### No. 14.

District Court, D. Delaware.
Aug. 28, 1931.

Ward & Gray, of Wilmington, Del., for plaintiff.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., and William T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

NIELDS, District Judge.

This is an action of indebitatus assumpsit to recover federal estate taxes in the sum of $283,130.20 alleged to have been illegally collected. The matter is now before the court on a special demurrer to the first count of the declaration.

William Du Pont died January 20, 1928. The plaintiff on January 21, 1929, filed with defendant an estate tax return in accordance with the requirements of the Act of Congress of February 26, 1926, known as the Revenue Act of 1926 (44 Stat. 9). On May 26, 1926, the decedent transferred property to a trustee for the benefit of his son, William Du Pont, Jr., and on the same day transferred other property to a trustee for the benefit of his daughter, Marion Du Pont Somerville, both of which transfers were one year, seven months, and twenty-six days before decedent's death. July 12, 1927, decedent transferred property to a trustee for the benefit of his daughter-in-law, Jean Liseter Du Pont, six months and eight days before his death. September 1, 1927, decedent transferred property to a trustee for the benefit of his stepson, four months and nineteen days before his death. The Commissioner of Internal Revenue, on examination of the tax return, advised the plaintiff that there should have been included in the value of the gross estate the property transferred as above, and thereupon assessed against the plaintiff a deficiency tax.

The principal question raised by the demurrer is the constitutionality of the provision of section 302, (c) of the Revenue Act of 1926 (26 USCA § 1094(c), under and pursuant to which such assessment was based. The section provides that all transfers of property made within two years of death, in excess of $5,000 to any one person, and without full and adequate consideration, shall be included in the value of the gross estate of a taxable, and "shall be deemed and held to have been made in contemplation of death," without regard to actualities and notwithstanding it may by admission or proof be established that such transfers were not in fact made in contemplation of or intended to take effect in possession or enjoyment at or after death.

This precise question has been recently decided in Hall et al. v. White, Collector, 48 F.(2d) 1060 (D. C. Mass.); Donnan et al. v. Heiner, Collector, 48 F.(2d) 1058 (D. C. W. D. Pa.); and Guinzburg et al. v. Anderson, Collector, 51 F.(2d) 592 (D. C. S. D. N. Y.). In each of these cases this provision of the section has been held unconstitutional. The applicable principles of law and the authorities have been considered in those cases. I fully concur in the reasoning and conclusions expressed in those cases. It would serve no useful purpose to enter again upon a discussion of the matter.

In part, count 1 of the declaration is based upon the allegation of the unlawful collection from the plaintiff of a deficiency tax by reason of the refusal of the Commissioner of Internal Revenue to allow a deduction in the tax return of the plaintiff of a certain bequest of $56,042.10, made in the will of the decedent to the vicar of Holy Trinity (Old Swedes) Church, Wilmington, Del. I am not satisfied that the allegations in this part of the count fail to set forth a cause of action. My opinion, however, is without prejudice to a determination of this matter after evidence taken.

The demurrer must be overruled.