## WHITE v. HALL et al.
### No. 2609.

Circuit Court of Appeals, First Circuit.

Nov. 3, 1931.

Percia E. Miller, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

Frank W. Knowlton, of Boston, Mass. (John Sherburne, Jr., and Choate, Hall & Stewart, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This is an action at law brought by the executors of the will of Charles F. Choate, Jr., against the collector of internal revenue to recover the sum of $502.20 paid to discharge a tax claimed to have been illegally assessed under section 302 (c) of the Revenue Act of 1926, 26 USCA § 1094 (c).

The undisputed facts are that Mr. Choate, on May 7, 1927, gave his daughter Josephine Choate Perkins a wedding present consisting of certain securities, which had, on November 30, 1927, a value of $20,297.50; that at the same time (May 7, 1927) he gave his daughter Elizabeth Choate an approximately equal amount of securities, which, on November 30, 1927, had a value of $21,100; that on November 30, 1927, Mr. Choate died; that neither of said transfers were in fact made in contemplation of death, nor was either of them in fact intended to take effect at death, and neither of them in fact took effect at death; that the Commissioner assessed a tax against Mr. Choate's estate of $502.20 on these transfers; that in assessing the tax he purported to act under the Revenue Act of 1926, § 302 (c), second sentence; that the plaintiffs paid the amount of the tax under protest, with express reservation of their rights, on December 6, 1928, and June 15, 1930, and on June 26, 1930, filed with the Commissioner a claim for refund of the tax, and more than six months having elapsed after the filing of the claim without the Commissioner having rendered a decision on the claim, this suit was brought.

In the District Court the statute under which the tax was assessed against Mr. Choate's estate was held unconstitutional, as being an attempt by Congress, through legislative fiat, to declare what was in fact a gift inter vivos to be a gift made in contemplation of death and taxable as a part of the estate.

We agree with the District Court that the conclusive presumption provision of section 302 (c) is unconstitutional. See Schlesinger et al., Executors, v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224; Manley v. Georgia, 279 U. S. 1, 49 S. Ct. 215, 73 L. Ed. 575; Donnan v. Heiner (D. C.) 48 F.(2d) 1058; Guinzburg v. Anderson (D. C.) 51 F.(2d) 592; American Surety & Trust Co. et al., Executors, v. Commissioner, 24 B. T. A. 334 (Oct. 16, 1931).

The judgment of the District Court is affirmed.