**GUINZBURG et al. v. ANDERSON, Collector of Internal Revenue.**

**No. 179.**

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

George Z. Medalie, U. S. Atty., of New York City (Murray I. Gurfein, Asst. U. S. Atty., of New York City, of counsel), for appellant.

James Marshall and N. H. Kugelmass, both of New York City, for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

630

SWAN, Circuit Judge.

Henry A. Guinzburg died on November 16, 1928. Some fourteen months prior to his death he and his wife purchased and gave to their son on the occasion of his marriage a private residence in New York City, each of the donors paying one-half of the purchase price. The sum so paid by Mr. Guinzburg (less the statutory exemption of $5,000), the taxing officials assumed to include as part of his estate, thereby increasing the estate tax collected from the executors. The amount of the tax resulting from the inclusion of such gift having been paid under protest and a claim for refund thereof having been denied, this suit followed. The sole issue it presents is the constitutionality of that portion of section 302(c) of the Revenue Act of 1926 (26 USCA § 1094(c) which directs that gifts made within two years of death, although not made in contemplation of death or intended to take effect in possession or enjoyment at or after death, "shall be deemed and held to have been made in contemplation of death within the meaning of this chapter."

In our opinion the question is ruled for this court by Schlesinger v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224. There the legislation, being that of a state, was inhibited by the Fourteenth Amendment; here, being congressional action, it is subject to limitations imposed by the Fifth Amendment. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081. There is no disguising the fact that the section in question lays an excise upon the making of a gift inter vivos provided the donor chances to die within two years. Such a classification would be whimsical and capricious unless viewed as necessary to prevent the evasion of estate taxes upon gifts actually made causa mortis but not capable of being proved to have been such. Such a view was rejected in the Schlesinger Case where the period during which the conclusive presumption operated was six years. Here it is only two years, and a persuasive argument can be made for differentiating the decision upon that ground; for, the shorter the period, the greater will be the proportion of gifts actually made in contemplation of death, though not so proved, to be caught by the presumption. But the language of Mr. Justice McReynolds, who wrote for the majority, does not admit of the attempted distinction. This language has very recently been repeated by Mr. Justice Rob-

erts in Hoeper v. Tax Commission of Wisconsin, 52 S. Ct. 120, 76 L. Ed. —— decided November 30, 1931. Consequently we feel bound to hold the tax unconstitutional. The same result has been reached in Donnan v. Heiner, 48 F.(2d) 1058 (D. C. W. D. Pa.); Hall v. White, 48 F.(2d) 1060 (D. C. Mass.), affirmed by the First Circuit in an opinion handed down November 3, 1931, 53 F.(2d) 210; Delaware Trust Co. v. Handy, 51 F.(2d) 867 (D. C. Del.); Am. Surety & Trust Co. v. Commissioner, 24 B. T. A. 334 (Oct. 16, 1931).

Judgment affirmed.