UNITED STATES of America,
Plaintiff-Appellee,

v.

MANUFACTURERS' ASS'N OF the RE-
LOCATABLE BUILDING INDUS-
TRY, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

MODULUX INC., Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

DESIGNED FACILITIES LEASING CO.,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

VINNELL STEEL, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

SPEEDSPACE CORPORATION,
Defendant-Appellant.

Nos. 72–1037, 72–1038, 72–1029, 72–1051
and 72–1049.

United States Court of Appeals,
Ninth Circuit.

June 5, 1972.

Rehearing Denied in No. 72–1038
June 27, 1972.

James J. Brosnahan (argued), Carl
Hoppe (argued), of Eckhoff & Hoppe,

**50**

James R. Madison (argued), Edward B. Rogin, William H. Orrick, Jr. of Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., John M. Carmack, of Gill & Baldwin, Los Angeles, Cal., Gordon Johnson, of Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for defendants-appellants.

Robert B. Nicholson (argued), Howard E. Shapiro, Walker B. Comegys, Acting Asst. Atty. Gen., Washington, D. C., Mark F. Anderson, Marquis L. Smith, San Francisco, Cal., for plaintiff-appellee.

Before ELY and CARTER, Circuit Judges and FERGUSON, District Judge.*

JAMES M. CARTER, Circuit Judge:

In this appeal from convictions by a jury for violation of the antitrust laws and sentences imposing fines, the defendant corporations make various contentions. We address ourselves to one contention and affirm.

Appellants contend that the *per se* rule as to price-fixing, i. e., that price-fixing is *per se* a violation of the antitrust laws and that the test of reasonableness has no application, is in substance the creation of a conclusive presumption and denies them due process in a criminal trial.

■ The use of presumptions in criminal law is limited by considerations of due process. Rebuttable presumptions which are arbitrary or irrational deny due process. A rebuttable presumption will be regarded as irrational and arbitrary unless it can be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *cf.* United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). And since the accused is presumed innocent, he has the right to have each element of the crime charged submitted to the jury. Conclusive presumptions may not operate to deny this right. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).[1]

Appellants' contention that the *per se* rule constitutes an unconstitutional conclusive presumption misunderstands the Sherman Act. The Act, in part, broadly provides that "[e]very contract, combination . . . or conspiracy in restraint of trade or commerce among the several States . . . is declared to be illegal." 15 U.S.C. § 1, Act of July 2, 1890, ch. 647, 26 Stat. 209.

In Standard Oil Co. v. United States, 221 U.S. 1, 60–68, 31 S.Ct. 502, 55 L.Ed. 619 (1911), and American Tobacco Co. v. United States, 221 U.S. 106, 31 S.Ct. 632, 55 L.Ed. 663 (1911), both civil cases, the Supreme Court interpreted the statute and spelled out the "Rule of Reason" as a limitation on the broad language of the Sherman Act,—i.e., that only unreasonable acts in restraint of trade and commerce were within the ambit of the statute.

In so doing, the Court disclaimed that it was changing the law as it existed in

---

* Honorable Warren J. Ferguson, District Judge, Central District of California, sitting by designation.

1. The standard in non-criminal cases is somewhat different. Conclusive presumptions which result in arbitrary classifications are deemed invalid. Schlesinger v. Wisconsin, 270 U.S. 230, 46 S.Ct. 260, 70 L.Ed. 557 (1926). The legislature may not employ conclusive presumptions to legislate a fact which is at odds with actualities. Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772 (1932).

1911. In United States v. American Tobacco Co., *supra*, the Court stated:

"The obscurity and resulting uncertainty, however, are now but an abstraction, because it has been removed by the consideration which we have given quite recently to the construction of the anti-trust act in the *Standard Oil Case*. In that case it was held, without departing from any previous decision of the court that as the statute had not defined the words restraint of trade, it became necessary to construe those words, a duty which could only be discharged by a resort to reason. We say the doctrine thus stated was in accord with all the previous decisions of this court, despite the fact that the contrary view was sometimes erroneously attributed to some of the expressions used in two prior decisions (the Trans-Missouri Freight Association and Joint Traffic cases, 166 U.S. 290 [17 S.Ct. 540, 41 L.Ed. 1007] and 171 U.S. 505 [19 S. Ct. 25, 43 L.Ed. 259]). That such view was a mistaken one was fully pointed out in the *Standard Oil Case* and is additionally shown by a passage in the opinion in the Joint Traffic Case . . (171 U.S. 568, 19 S. Ct. 31). . . ." 221 U.S. at 178–179, 31 S.Ct. at 648.

In 1927 the Court decided United States v. Trenton Potteries Company, 273 U.S. 392, 47 S.Ct. 377, 71 L.Ed. 700. It sustained a criminal conviction for violation of the Sherman Act by price-fixing. The Court reviewed its antitrust holdings both before and after the *Standard Oil* and *American Tobacco Co.*, *supra*. The Court concluded that price-fixing, in the cases decided both before and after *Standard Oil* and *American Tobacco*, had been held to be a *per se* viola-

tion of the Sherman Act without consideration of the rule of reasonableness. The Court, citing Thomsen v. Cayser, 243 U.S. 66, 84, 37 S.Ct. 353, 61 L.Ed. 597 and footnoting numerous lower court cases, pointed out that "the *Standard Oil* and *Tobacco* cases did not overrule the earlier cases" which held price-fixing to be illegal *per se*. 273 U.S. at 400, 47 S.Ct. at 380.

In United States v. Socony-Vacuum Oil Co. Inc., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940), a criminal case, the Court again reviewed its decisions on price-fixing. It stated:

"Thus for over forty years this Court has consistently and without deviation adhered to the principle that price-fixing agreements are unlawful *per se* under the Sherman Act and that no showing of so-called competitive abuses or evils which those agreements were designed to eliminate or alleviate may be interposed as a defense. And we reaffirmed that well-established rule in clear and unequivocal terms in Ethyl Gasoline Corp. v. United States, 309 U.S. 436, 458 [60 S.Ct. 618, 84 L.Ed. 852] where we said:

'Agreements for price maintenance of articles moving in interstate commerce are, without more, unreasonable restraints within the meaning of the Sherman Act because they eliminate competition, United States v. Trenton Potteries Co., 273 U.S. 392, [47 S.Ct. 377, 71 L.Ed. 700] and agreements which create potential power for such price maintenance exhibited by its actual exertion for that purpose are in themselves unlawful restraints within the meaning of the Sherman Act, . . . '." 310 U.S. at 218, 60 S.Ct. at 842.[2]

2. The latest Supreme Court case considering the *per se* rule is United States v. Topco Associates, Inc., 404 U.S. 596, 92 S.Ct. 1126, 31 L.Ed.2d 515 (72), a civil case, involving allocation of territories. The case upholds the allocation as a *per se* violation, but is not otherwise pertinent.

Thus the Court has interpreted a broad and inclusive statute, and since the earliest days of the Act, has enunciated two distinct rules of substantive law: (1) certain classes of conduct, such as price-fixing, are, without more, prohibited by the Act; (2) restraints upon trade or commerce which do not fit into any of these classes are prohibited only when unreasonable. The first rule, in light of the second, *defines* certain classes of pernicious conduct as unreasonable. Roughly restated, the *per se* rule establishes a conclusive presumption that certain types of conduct are unreasonable. *See,* Northern Pac. Ry. Co. v. United States, 356 U.S. 1, 5, 78 S.Ct. 514, 2 L.Ed.2d 545 (1958). This restatement, however, is no more than a pedagogic instrument, since the substantive rules of antitrust are no more rules of evidence than the substantive rules of any legal area.

Morissette, *supra,* is inapposite. The *per se* rule does not operate to deny a jury decision as to an element of the crime charged, since "unreasonableness" is an element of the crime only when no *per se* violation has occurred. To put it differently "reasonableness" must be viewed as a legal term, and not in its ordinary sense. When the Court describes conduct as *per se* unreasonable, they do no more than circumscribe the definition of "reasonableness."

While the appellants deserve credit for their ingenious and novel attempt to trap the Court in its own rhetoric, their contention that the *per se* rule should be set aside must be, and is rejected. The *per se* rule does not establish a presumption. It is not even a rule of evidence.

We have reviewed the appellants' other contentions, including their attack on the sufficiency of the evidence and the correctness of the instructions and find no error.

The judgments are affirmed.